UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABY'S BAGS, LLC,<br><br>        Plaintiff,<br><br>  v.<br><br>MERCARI, INC.,<br><br>        Defendant. | No. CR 20-00734 WHA<br><br>**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS** |

In this unfair competition dispute, defendant moves for judgment on the pleadings. For the reasons stated below, the motion is **DENIED**.

**STATEMENT**

Defendant Mercari, Inc. promotes its web platform called Mercari.com for commerce in miscellaneous goods as a venue where "anyone can sell" (Dkt. No. 4 at 5–6, 11, 15). Plaintiff Gaby's Bags, LLC generated nearly $400,000 over two years selling handbags on the platform, until Mercari terminated plaintiff's account, isolated her from her customer base, and prevented further sales (*id.* at 23).

The complaint alleges unfair competition (Dkt. No. 4 at 2). Plaintiff's complaint alleges that by terminating her account, Mercari hijacked her hard-won customer base (Dkt.

No. 4 at 2). The complaint alleges a scheme set forth by the website to "entrench" the customer bases of successful accounts (*id.* at 19–22, 24). The complaint claims relief under Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 ("FDUTPA"); the Lanham Act, 15 U.S.C. § 1125(a); Florida's False and Misleading Advertising statute, Fla. Stat. § 817.41; and Florida Civil RICO, Fla. Stat. §§ 722.103(3) and 722.104.

This case was filed in United States District Court for the Middle District of Florida., and transferred to the Northern District of California because of a mandatory forum-selection clause in the Terms of Service (Dkt. No. 4; Dkt. No. 67).

Mercari's Terms of Service governed the parties' relationship. Plaintiff asserts she relied on the promotional phrase "anyone can sell," but Mercari points to terms that bar "business sellers," such as plaintiff, from using the platform. Such terms stated: "You must be an *individual* (*i.e.* a natural person) who is at least thirteen (13) years of age to use the service" (Dkt. No. 83-2 at 4) (emphasis added). Moreover, the first paragraph of the Terms of Service, titled "Description of the Service," stated: "The Service is a consumer-to-consumer marketplace. We do not offer business accounts" (Dkt. No. 83-3 at 3). Later versions of the Terms of Service included the same language (Dkt. No. 83-4 at 3; Dkt. No. 83-5 at 3).

Mercari now moves for judgment on the pleadings, asserting that the word "anyone" clearly indicated any *individual.* Thus plaintiff — acting online as an LLC — could not have reasonably been misled (Dkt. No. 83 at 5–6). Mercari argues that the contract — its Terms of Service — superseded plaintiff's asserted statutes and exclude business accounts. Moreover, Mercari points to an at-will account termination provision: "In addition, Mercari may in its sole discretion suspend or terminate your Account on the Service . . . or suspend or terminate your access to the Service at any time, with or without notice" (*id.* at 11; *see also* Dkt. No. 83-3 at 9; 83-4 at 9; 83-5 at 9) (Mercari "may terminate or suspend your account . . . in whole or in party at any time, for any reason, without notice unless required by law").

This order follows briefing by the parties and a March 26 hearing.

## ANALYSIS

"Judgment on the pleadings is properly granted when there is no issue of material fact

2

1  in dispute, and the moving party is entitled to judgment as a matter of law." *Fleming v.*

2  *Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (citation and footnote omitted).

Generally, courts reference only the pleadings in evaluating the merits of a motion for judgment on the pleadings. But the complaint itself referenced the Terms of Service in part, so this order may consider the Terms of Service in full. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

The contract included an undisputed a choice-of-law provision requiring the terms to be "governed and construed under the laws of California" (Dkt. No. 83-3 at 20). Our court of appeals recognizes that, in cases of diversity, the forum state's choice-of-law rules must be applied to determine the controlling substantive law. *Fields v. Legacy Health System*, 413 F.3d 943, 950 (9th Cir. 2005).

Mercari asserts that the Terms of Service bar plaintiff's claims because, as their service is explicitly for "individual" use, plaintiff has no right to bring claims as a "business seller." This order disagrees that this is so clear cut as to allow judgment on the pleadings.

The phrase "[w]e do not offer business accounts" in the "Description of Service" paragraph is not precise. The principle of *contra proferentum* requires ambiguities to be read *against* the drafter, not in their favor. *See Kunin v. Benefit Trust Life Ins. Co.*, 910 F.2d 534, 540 (9th Cir. 1990). At this stage, we cannot rule out that "we do not offer business accounts" allowed an individual to use her account to promote her sole proprietorship. Moreover, plaintiff's account, albeit a "business account," was not unusual for the website (Dkt. No. 4 at 19–22). Mercari even featured plaintiff's business in advertisements to attract potential buyers (Dkt. No. 4 at 23).

Thus, for now, the statutory claims may move forward. Under the *Nedlloyd* analysis, all claims "arising from or related to" a contract are covered by the contract's choice-of-law clause, regardless of whether they are characterized as contract or tort claims. *Nedlloyd Lines B.V. v. Superior Court,* 3 Cal. 4th 459, 470, 11 Cal. Rptr. 2d 330, 834 P.2d 1148 (1992)). "When two sophisticated, commercial entities agree to a choice-of-law clause . . ., the most reasonable interpretation of their actions is that they intended for the clause to apply to all

3

causes of action arising from or related to their contract." *Id*. at 468. California law broadly construes choice-of-law provisions to apply to all causes of action arising from or related to the contract. *See Powell-Willingham v. Joint Aid Mgmt. USA*, 789 Fed. Appx. 661 (9th Cir. 2020); *see also General Signal Corp. v. MCI Telecommunications Corp.*, 66 F.3d 1500, 1505-06 (9th Cir. 1995); *see also Olinick v. BMG Entertainment*, 138 Cal. App. 4th 1286, 1299, 42 Cal. Rptr. 3d 268 (2006). Because the Terms of Service are "governed and construed under California law," three of the four claims for relief — the FDUTPA, Florida's False Advertising statute, and Florida Civil RICO — are extinguished. Only the Lanham Act claim remains.

A false advertising claim under the Lanham Act requires proof that (1) the defendant made a false statement of fact about a product in a commercial advertisement, (2) the statement actually deceives or has the tendency to deceive a substantial segment of its audience, (3) the deception is material, (4) the defendant caused the false statement to enter interstate commerce, and (5) the plaintiff has been or is likely to be injured as a result of the false statement. *See Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997). Plaintiff's complaint pleads all five. Mercari's statement that "anyone can sell" on their Service misled her to believe she could sell as an LLC on Mercari, and this deceit caused financial and reputational harm (Dkt. No. 4 at 56, 11, 15).

*First,* Mercari's statement that "anyone can sell" contradicts their Terms of Service. Whether or not the statement "anyone can sell" is deceitful, as opposed to mere puffery, is a question of material fact. Therefore, rendering judgment on the pleadings alone would be inappropriate.

*Second*, plaintiff relied on the "anyone can sell" language, and was deceived as a result.

*Third*, this deceit was material. Plaintiff would not have used Mercari's platform to sell had she known that business accounts were excluded.

*Fourth*, the interstate commerce element is satisfied because the statement was made online.

4

*Fifth*, plaintiff suffered financial and reputational injury by being excluded from Mercari, because she could no longer sell to her customer base.

This order does not bless the idea that the Terms of Service cannot undermine the statutory claims.

## CONCLUSION

For the reasons stated above, Mercari is entitled to judgment on the pleadings with prejudice as to plaintiff's claims under the FDUTPA (Count I), the Florida false advertising statute (Count II), and the Florida Civil RICO statute (Count IV). The motion is otherwise **DENIED**.

**IT IS SO ORDERED.**

Dated: March 31, 2020.

WILLIAM ALSUP

UNITED STATES DISTRICT JUDGE