UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GABY'S BAGS, LLC,

    Plaintiff/Counterdefendant,

v.

MERCARI, INC.,

    Defendant/Counterplaintiff.

No. C 20-00734 WHA

**ORDER GRANTING LEAVE TO AMEND A COUNTERCLAIM**

## INTRODUCTION

In this breach-of-contract action, counterplaintiff online marketplace moves for leave to amend its counterclaim to join counterdefendants. To the following extent, the motion is **GRANTED**.

## STATEMENT

Defendant/counterplaintiff, Mercari, Inc., promotes its web platform called Mercari.com for commerce in miscellaneous goods as a venue where "anyone can sell" (Dkt. No. 4 at 5–6, 11, 15). Plaintiff/counterdefendant, Gaby's Bags, LLC, operated a seller's account on Mercari, generating $400,000 in handbag sales from January 2017 until the account's termination in May 2019 (Dkt. No. 7 ¶¶ 9, 35). Because of Gaby's Bags' suspicious bank account deposits and high volume of sales on multiple platforms and department stores, Mercari's compliance team terminated Gaby's Bags' account for operating as a business entity and, thus, violating its terms of service (Dkt. No. 7 ¶¶ 28–35).

In October 2019, in response to the account's termination, Gaby's Bags filed a complaint in Florida state court alleging false advertising and unfair competition (Dkt. No. 4). Mercari removed the action to the United States District Court for the Middle District of Florida. Then, in November 2019, Mercari filed its counterclaim, alleging breach of its terms of service (Dkt. No. 7). Mercari's mandatory forum-selection provision in its terms of service, to which Gaby's Bags agreed upon opening its Mercari account, warranted transfer to this district (Dkt. No. 68). In February 2020, Mercari moved for judgment on the pleadings, which a prior order denied (Dkt. No. 111). Now, Mercari moves for leave to amend its counterclaim to join as counterdefendants the alleged individual member/principal of Gaby's Bags, LLC, Kody Yates, and five unnamed counterdefendants as potential operators of Gaby's Bags' Mercari account.

In reviewing documents responsive to Gaby's Bags' May 19 request for production, Mercari discovered correspondence from Yates wherein he allegedly stated,

> "We do not have any employees and it is just my wife and I every day in our rented space . . . we do not have a partnership LLC, or corporation. This Mercari account is in my name and my wife and I report all income from Mercari and other marketplaces on our Schedule C on the 1040 joint return. So, in the eyes of the government, I am considered a sole proprietor."

Mercari did not include documentation of this statement because counterdefendant has not yet agreed to the model protective order (Dkt. No. 119 at 2 & fn. 1). Although Mercari has possessed this statement since before it filed its counterclaim, Mercari asserts it only uncovered the correspondence when reviewing potentially-responsive documents to Gaby's Bags' most-recent discovery request, resulting in a motion on the last day to seek leave to amend under this Court's scheduling order (Dkt. No. 126 at 4; Dkt. No. 119 at 2).

Based on this statement, Mercari moves for leave to join Yates as a necessary or permissive counterdefendant under alter ego and piercing the corporate veil theories (*id.* at 2). Mercari also moves for leave to join Does 1–5 — potential accountholders residing at Gaby's Bags, LLC's principal place of business — as potential owners/operators of Gaby's Bags' Mercari seller's account and, thus, potentially liable under the terms of service for allegedly disguising the true operation of the account (*id.* at 3).

This order follows full briefing.

## ANALYSIS

Rule 15 governs amendments to counterclaims and the addition of counterdefendants. Leave to amend should be freely given "when justice so requires." FRCP 15(a). Though this policy favoring amendment "should be applied with extreme liberality," district judges commonly consider the following factors when assessing motions for leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended the complaint. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); *see also Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). As this is Mercari's first-sought amendment, this order only analyzes elements one through four. These factors are not weighed evenly: "[a]bsent prejudice, or a strong showing of the remaining factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2013).

### 1. PREJUDICE AND UNDUE DELAY.

Gaby's Bags' maintains that Mercari's motion for leave to amend should be denied because amendment at this stage in the litigation would cause them undue prejudice. This order finds that, though Mercari's motion comes eight months after its counterclaim, parties are still early in the litigation and this delay will not prejudice counterdefendants.

Of the factors to consider in ruling on a motion for leave to amend, undue prejudice to the opposing party carries the most weight. *Eminence Capital, LLC*, 316 F.3d at 1052. Evaluating the potential for undue prejudice involves consideration of whether or not the desired amendment(s) will unreasonably expand discovery, increase litigation costs, require additional research, alter the nature of the case entirely, or delay the proceedings. *See Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989); *see also Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Delay by itself is "insufficient to justify denial of leave to amend," but when a delay unduly prejudices the opposing parties, denial is proper. *DCD Programs, Ltd.*, 833 F.2d at 186. That is not the case here.

*First*, any additional discovery, research, or preparation resulting from amendment will be minimal. Both parties blame each other for the delay in discovery in this suit (Dkt. No. 119 at 1; Dkt. No. 126 at 7). Taking their assertions as true, the production process has only just begun despite the action being eight months old. The nature of the case remains intact, as Mercari does not seek to amend its legal theory but only seeks to join counterdefendants who might be personally liable for its breach-of-contract claim. Gaby's Bags would not need to alter its defense strategy or expand its discovery production, and any increased cost of litigation would not be so prohibitive as to be prejudicial. Yates admitted to operating the account in question both in the correspondence upon which Mercari relies and during Mercari's compliance investigation. As alleged in Mercari's counterclaim, Yates explained and documented that he was the owner of Gaby's Bags, LLC (Dkt. No. 7 ¶ 28). Given that Yates has maintained himself as the sole proprietor of Gaby's Bags, LLC, the scope of discovery will not increase — any discovery regarding Gaby's Bags, LLC will necessarily involve Yates, whether or not he is a counterdefendant.

*Second*, amendment will not result in additional motions regarding jurisdiction and venue as Gaby's Bags incorrectly contends. The order determining Mercari's forum-selection provision in its terms of service as binding applies here (Dkt. No. 67). Gaby's Bags and its operators are bound by the provision. Further, the court's jurisdiction will be unaffected, since Mercari alleges Yates has the same domicile (Dkt. No. 7 ¶ 7).

*Third*, although Mercari does not adequately justify its delay in filing this motion, the lack of prejudice against Gaby's Bags and the liberality with which courts grant Rule 15(a) motions both overcome Mercari's delay. Mercari met the deadline and was within its right in filing its motion for leave to amend the day before the end of the filing period. In sum, though the motion was delayed, granting leave will not prejudice Gaby's Bags with increased discovery or expanded scope of litigation.

**2.   FUTILITY.**

Gaby's Bags fails to demonstrate how adding Kody Yates and Does 1–5 as counterdefendants will be futile.

4

"Denial of leave to amend for futility is rare." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) (Magistrate Judge James Larson). A proposed amendment is futile if it "appears beyond doubt" the amendment would eventually be dismissed for failure to state a claim. *DCD Programs, Ltd.*, 833 F.2d at 188. Therefore, courts typically apply Rule 12(b)(6)'s standard of legal sufficiency in futility assessments, accepting a counterclaimant's factual allegations as true. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).

### A. KODY YATES.

Mercari's proposed counterclaim states facts that, when taken as true, plausibly state a claim for alter ego liability. As sole proprietor of Gaby's Bags, acting as the LLC's alter ego, Kody Yates may be personally liable for Mercari's breach of contract claims. To plead the alter ego doctrine, Mercari must allege two elements:

> "First, there must be such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist. Second, there must be an inequitable result if the acts in question are treated as those of the corporation alone."

*Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 538 (2000). As to the first prong, the correspondence that prompted this motion preliminarily establishes unity of interest and ownership between Gaby's Bags, LLC and Kody Yates. Mercari's proposed pleading alleges that Yates failed to observe corporate formalities, operations, and recordkeeping, commingling his personal funds and assets with those of Gaby's Bags, controlling and using the LLC's finances as his own, and failing to file separate corporate tax returns for the LLC (Dkt. No. 119-1 ¶ 13). As to the second prong, Mercari's proposed pleading predicts incomplete relief if Yates is not joined as a counterdefendant. Specifically, "because Yates disregarded corporate separateness to . . . improperly shield himself from expense and liability," Mercari would not receive complete relief without piercing the corporate veil and naming Yates as Gaby's Bags' alter ego. These facts, if proven, could plausibly support piercing the corporate veil and imposing liability on Yates individually.

Though Mercari's pleadings are not futile, the undersigned takes no position on the veracity of Mercari's proposed allegations or the outcome of its claim for relief. Whether or not alter ego liability is justified will be determined at a later stage in this litigation, post discovery.

### B.    DOES 1–5.

This order finds that, though it comes late in the litigation, Mercari's motion to add Does 1–5 as counterdefendants is allowed.

If the identity of any defendant is unknown at the time a plaintiff files a complaint, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

Here, Mercari enjoyed several months of discovery to identify Does and name them in the proposed pleading. Mercari offers no compelling reasons otherwise. Nevertheless, this order will give sixty-three calendar days to identify the Does and serve them with a summons and complaint, failure of which will lead to dismissal of any unidentified or unserved Doe.

### 3.    BAD FAITH.

Gaby's Bags argues that Mercari is acting in bad faith, seeking leave to amend right before the filing deadline despite having this information "all along," in order to harass Yates (Dkt. No. 126 at 8). There is no evidence of bad faith, however.

There is no indication that Mercari waited to move for leave to harass Kody Yates. Mercari maintains it discovered the correspondence at issue when researching responsive documents to a May 2020 production request. When a suit is still in its early stages, a delay in seeking leave to add a defendant is not clear evidence of bad faith. *See DCD Programs, Ltd.*, 833 F.2d at 187. As explained, "the mere fact that [Mercari] could have moved at an earlier time to amend does not by itself constitute an adequate basis for denying leave to amend," nor does it constitute bad faith. *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973). Parties are in early stages of discovery, Mercari has not moved for leave to amend prior to this motion, and its counterclaims do not risk dismissal, all of which suggests their motion for leave to amend was not made in bad faith. *See Roberts v. Arizona Bd. of Regents*, 661 F.2d 796 (9th Cir. 1981)

6

(denying motion for leave to amend after discovery was complete and non-movant's motion for summary judgment was pending).

## CONCLUSION

For the foregoing reasons, counterplaintiff's motion for leave to amend its counterclaim to add Kody Yates and Does 1–5 as counterdefendants is **GRANTED**. Counterdefendants must file an answer to the amended complaint by **AUGUST 17**. Counterplaintiff's motion for unilateral 90-day extension of the Case Management Order's June 25, 2020 deadline is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 3, 2020.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE