UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABY'S BAGS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>MERCARI, INC.,<br><br>    Defendant. | Case No. 20-cv-00734-WHA   (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. Nos. 133, 134, 135 |

As the Court previously observed, the parties are having difficulty raising discovery disputes in an appropriate way. *See* ECF No. 118 ("The parties need to do better than this."). This unfortunate trend continues. In ECF No. 133, Mercari moves to compel responses to its requests for admission ("RFAs"). The letter brief attaches more than 400 pages of exhibits, including Mercari's interrogatories ("rogs"), Gaby's Bags' responses to the rogs, Mercari's requests for production ("RFPs"), Gaby's Bags' responses to the RFPs, a draft protective order, Gaby's Bags' RFPs to Mercari, Mercari's responses to Gaby's Bags' RFPs, Mercari's entire document production in this case, Gaby's Bags' supplemental responses to Mercari's interrogatories, and Gaby's Bags' supplemental responses to Mercari's RFPs – hundreds of pages of documents that are totally irrelevant to the RFAs at issue in the letter brief. They are all lumped together, along with the letter brief, as one document on ECF. Even to find Gaby's Bags' supplemental responses to the RFAs requires manually scrolling through hundreds of pages of exhibits that should not have been filed. ECF No. 134 (concerning Mercari's RFPs) is something of a mystery. It is one document that is 96 pages long. The letter brief and proposed protective order make sense, but then follow nearly 70 pages of Mercari's objections to Gaby's Bags' RFPs, which is the opposite of the discovery at issue. Indeed, ECF No. 134 attaches *only* irrelevant discovery responses; to

find the relevant ones, the Court must roam through the 400+ pages of exhibits attached to ECF No. 133. The parties repeat this in ECF No. 135, which is a letter brief about Mercari's interrogatories that attaches, once again, the enormous and irrelevant objections Mercari asserted to Gaby's Bags' RFPs and omits the relevant discovery materials (Mercari's rogs and Gaby's Bags' responses) that the Court needs to rule on the letter brief, which are again buried somewhere within ECF No. 133. These ECF filings are a disaster, and the Court orders the parties never to do anything like this again.

For the RFAs, Gaby's Bags has sufficiently answered RFAs 9, 10, 20, 21, 22, 30, 34, 39, 43, 44, 46, 47, 48, 49 and 50. The amended responses to RFAs 40 and 42 are inadequate. If the fact was true part of the time, but not all of the time, Gaby's Bags must admit the time periods when it was true; it's not good enough to say it wasn't true at every moment in time. *See* Fed. R. Civ. Proc. 36(a)(4) ("when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest"). The Court orders Gaby's Bags to amend its answers to RFAs 40 and 42 and to answer the remainder of Mercari's RFAs within 14 days. The RFAs are relevant, easily understood, and not difficult to answer, and all of Gaby's Bags' objections are overruled. For some of the RFAs a truthful answer may be that Gaby's Bags doesn't know the answer.

For the RFPs, Gaby's Bags has asserted privilege and work product objections in response to RFPs 1-5, so it must produce a privilege log. *See* Fed. R. Civ. Proc. 26(b)(5). The Court orders Gaby's Bags to do so within 14 days. Gaby's Bags' RFP responses are deficient because they just consist of objections but do not state what, if anything, Gaby's Bags is producing or whether any responsive materials are being withheld on the basis of each of Gaby's Bags' objections. *See* Fed. R. Civ. Proc. 34(b)(2)(B), (b)(2)(C). The July 15, 2020 supplemental responses to RFPs 4, 6, 10, and 16 do not solve this problem because it is unclear if there are no responsive documents or if Gaby's Bags is refusing to produce them. However, the amended responses to RFPs 9, 11, 12, 13, 14, 15 and 20 are sufficient. In addition, the Court overrules all of Gaby's Bags' objections based on time frame, scope, timing, vagueness or ambiguity, or that Gaby's Bags' is entitled not to produce documents because it thinks Mercari is stonewalling in discovery. The Court does not overrule Gaby's Bags' objections based on overbreadth, undue burden, or relevance because in the

joint discovery letter brief, Mercari made no arguments that any of its RFPs seek relevant and proportional discovery. The Court orders Gaby's Bags to serve amended RFP responses (other than for RFPs 9, 11-15 and 20) within 14 days.

As to a protective order in this action, the Court orders the parties to meet and confer and within seven days to file either (a) a stipulated protective order, or (b) joint letter brief, not to exceed five pages, setting forth each side's views on the appropriate form of protective order and attaching Mercari's proposed form of order as exhibit 1 and Gaby's Bags' proposed form of order as exhibit 2.

For the rogs, a major dispute is how to count them. Mercari cites the correct legal standard, which is that regardless of how an interrogatory is drafted, courts treat subparts collectively as one interrogatory if they are logically and factually subsumed within the same primary subject. Mercari argues that its rogs 1-15 are each just one rog. Gaby's Bags argues that rogs 1-15 amount to 25 separate rogs.

The Court agrees with Gaby's Bags that rog 1 is three rogs because rog responses, RFP responses and RFA responses are different primary subjects. Rog 2 is three rogs for the same reason. On its own, the Court would conclude that rog 3 ("[i]dentify the documents, communications, and ESI upon which you base your Answer and defense(s) to the Counterclaim") is a bunch of interrogatories. However, Gaby's Bags did not make a numerosity objection to rog 3 and does not argue in the letter brief that rog 3 counts as more than one rog.

Gaby's Bags argues that rog 5 ("[i]dentify the facts, documents, communications, and ESI that evidence, refute, and/or support Mercari's Answer, defenses, and/or Counterclaim") is two interrogatories. Mercari's answer, affirmative defenses, and counterclaim (ECF No. 7) consist of admissions and denials, nine affirmative defenses (failure to state a claim, complaint is barred by contract, arbitration, choice-of-law provision, economic loss rule, limitation of liability, indemnification, waiver and consent, statute of limitations and laches), and a counterclaim. On its own, the Court would treat all the admissions and denials as one primary subject, and the nine affirmative defenses as nine primary subjects because they all seem discrete from each other. (The counterclaim largely repeats allegations in the affirmative defenses, so does not add another primary subject.) However, the Court will not order relief that no one asked for. Gaby's Bags

3

asks that rog 5 be counted as two rogs, and the Court will do so since it is at least two.

Rog 7 is one rog because everything it asks about relates to the primary subject of contract formation. The Court agrees that rog 8 is two rogs because the performance and termination of the contract are different primary subjects. Rogs 13, 14 and 15 are each one interrogatory because they each ask about one type of damage caused by Mercari's alleged conduct. Accordingly, with rog 19, Mercari is at 25 interrogatories.

The Court overrules the following of Gaby's Bags' objections to rogs 1-19: that they are vague or ambiguous, that any terms are undefined and therefore not understandable, that it is not clear what the rogs are asking, that Gaby's Bags is entitled to refuse to answer them because it thinks Mercari is stonewalling in discovery, that the time period covered by the rogs is overbroad, that they are unduly burdensome, that discovery is ongoing, and that Gaby's Bags need not answer contention rogs. The Court orders Gaby's Bags to serve amended responses to rogs 1-19 within 30 days.

**IT IS SO ORDERED.**

Dated: August 24, 2020

THOMAS S. HIXSON
United States Magistrate Judge