UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABY'S BAGS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> MERCARI, INC., <br><br> Defendant. | No. C 20-00734 WHA <br><br> **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

The facts of this action have been stated in detail in prior orders and need not be discussed herein (Dkt. No. 111). In brief, defendant Mercari, Inc. promoted its web platform called Mercari.com for commerce in miscellaneous goods as a venue where "anyone can sell." Relying on such statements, plaintiff Gaby's Bags, LLC opened a Mercari account and began selling handbags on Mercari's platform. In doing so, plaintiff generated nearly $400,000 over a two-year period until Mercari terminated plaintiff's account for violating its terms of service — which barred "business accounts."

Plaintiff then brought this action in Florida state court alleging unfair competition under various Florida statutes and the Lanham Act, 15 U.S.C. § 1125(a). After removal to United States District Court for the Middle District of Florida, the action came here pursuant to a mandatory forum-selection clause. Mercari then filed a motion for judgment on the pleadings, asserting that the word "anyone" clearly indicated any *individual*. Thus, plaintiff — acting online as an LLC — could not have reasonably been misled, or so Mercari argued (Dkt. No. 83

at 5–6). A prior order then granted in part and denied in part Mercari's motion for judgment on the pleadings. Finding the choice-of-law provision in the terms of service controlled — requiring the terms to be "governed and construed under the laws of California" — that order dismissed the Florida claims, leaving only plaintiff's claim under the Lanham Act.

Mercari asserted that the terms of service barred plaintiff's Lanham Act claim because it explicitly provided that Mercari's service was for "individual" use and thus barred "business accounts" like plaintiff's. Finding that the terms of service was not "so clear cut as to allow judgment on the pleadings," however, that order allowed plaintiff's claim to go forward. Moreover, that order held that plaintiff had sufficiently pled a false advertising claim under the Lanham Act. But that order did not address whether or not plaintiff had standing to sue under the Lanham Act.

Mercari now brings a motion for summary judgment arguing, among other things, that plaintiff does not have standing under the Lanham Act. For the following reasons, this order agrees.

In *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014), the Supreme Court elucidated a two-part test for determining whether or not a plaintiff has standing under the Lanham Act to bring a false advertising claim. *First*, the plaintiff's interests must fall within the "zone of interests" protected by the Lanham Act. In order "to come within the zone of interests in a suit for false advertising under § 1125(a), a plaintiff must allege an injury to a commercial interest in reputation or sales." Competitors, not consumers, can bring a claim under the Lanham Act. *Id.* at 131–32.

*Second*, the plaintiff must demonstrate proximate causation. That is, "a plaintiff suing under § 1125(a) ordinarily must show economic or reputational injury flowing directly from the deception wrought by the defendant's advertising; and that that occurs when deception of consumers causes them to withhold trade from the plaintiff." *Id.* at 133.

Here, plaintiff has failed to show it has standing to sue under the Lanham Act because neither prong is met. For one thing, plaintiff sustained his complained of harm as a consumer of Mercari's platform, not as a competitor. Unlike plaintiff that is a seller of goods, Mercari is

consumer-to-consumer platform that does not itself sell any goods (Dkt. No. 7-2). Though plaintiff's opposition brief conclusory disputes these facts, it fails to offer any evidence to the contrary. Even if Mercari and plaintiff could be considered competitors of sorts, plaintiff's complained of harm arises out of its relationship with Mercari as a consumer given that the statements at issue — that "anyone can sell" — related to the type of platform Mercari provided, not any other products (*e.g.*, handbags) available on Mercari. As Mercari contends, therefore, plaintiff's injuries arose from its relationship with Mercari as a consumer — a party who used Mercari's platform — and not as a competitor. But a claim for relief under the Lanham Act "is for competitors, not consumers." *POM Wonderful LLC v. Coca-Cola Co.,* 573 U.S. 102, 107 (2014). And, "[a] consumer who is hoodwinked into purchasing a disappointing product may well have an injury-in-fact cognizable under Article III, but he cannot invoke the protection of the Lanham Act[.]" *Lexmark*, at 131–32.

For another, plaintiff has failed to show proximate cause. Specifically, it has failed to show how Mercari's statement that "anyone can sell" on Mercari's platform deceived consumers to withhold trade from plaintiff. This order thus agrees with Mercari's contention that "Mercari's advertising about who can sell on Mercari has nothing to do with whether buyers will purchase from [p]laintiff" (Dkt. No. 140 at 11) (emphasis omitted). Instead, plaintiff's theory is that itself, not any consumer, was deceived into opening a Mercari account as a result of Mercari's statements. Indeed, the declaration of Kody Yates, plaintiff's operating member, affirms this point (*see* Decl. Yates ¶ 13) ("Mercari's advertisements that 'anyone' can sell misled, deceived, and confused Gaby's Bags."). Thus, plaintiff cannot and has not shown proximate causation. Accordingly, this order **GRANTS** Mercari's motion for summary judgment seeking dismissal of plaintiff's sole remaining claim under the Lanham Act for lack of statutory standing.

Lastly, plaintiff's Rule 56(d) request to deny or defer ruling on Mercari's motion to allow for more discovery is **DENIED**. No amount of discovery can cure the fundamental flaw here — how Mercari's statement that "anyone can sell" on its platform proximately caused consumers

3

to withhold trade from plaintiff or caused plaintiff any competitive injury protected under the Lanham Act.

Plaintiff is invited to move for leave to amend his complaint by **OCTOBER 21, 2020, AT NOON**. Plaintiff must plead its best case. Its motion should affirmatively demonstrate how the proposed amended complaint corrects the deficiencies identified in this order, as well as any other deficiencies raised in Mercari's motion but not addressed herein. The motion should be accompanied by a redlined copy of the amended complaint.

**IT IS SO ORDERED.**

Dated: October 7, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4