UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| GABY'S BAGS, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>MERCARI, INC.,<br><br>        Defendant. | Case No. 20-cv-00734-WHA (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. Nos. 180, 181, 182, 185, 186, 187 |

This order addresses the discovery letter briefs at ECF Nos. 180, 181, 182, 185, 186 and 187. The Court previously admonished the parties not to "provide conclusory, high-level assertions and then point the Court to a hundred pages of discovery requests and responses. That takes the work the parties were supposed to do and throws it on the Court." ECF No. 118. Nonetheless, they have done it again.

**A.  Requests for Admission ("RFAs"):  ECF Nos. 180 and 185**

Mercari addresses the merits of the discovery dispute concerning the RFAs in a single paragraph that is three sentences long:

> Although the Court ruled on August 24, 2020 that "[t]he RFAs are relevant, easily understood, and not difficult to answer, and all of Gaby's Bags' objections are overruled," (ECF 144 at 2:14-17), Plaintiff still failed to answer, altogether, RFAs 1-6 and 11-19. As was previously brought to the Court's attention in the prior Joint Discovery Statement regarding these same RFAs, Plaintiff's assertions that it lacks knowledge of the parties' Terms of Service ("TOS") directly contradict its own Answers to Mercari's Amended Counterclaims in this case (ECF 163 at ¶¶ 16, 22 ("The referenced terms of service speaks for itself" and "The referenced prohibited conduct policy speaks for itself")), Plaintiff's answers to RFAs 7 and 8 also about the TOS, and the law of the case because two federal courts have already enforced the parties' TOS. (ECF 67 at 5, 7; ECF 96 at 1-2; ECF 111 at 2:9; ECF 137 at 2:5-6, 4:16-18.) Most recently, the Court even granted summary judgment, again enforcing the TOS.

(ECF 164 at 1-2.)

The Court understands Mercari to be raising two issues: First, despite the Court's order requiring Gaby's Bags to answer the RFAs, Gaby's Bags has "still failed to answer, altogether, RFAs 1-6 and 11-19." Second, Mercari contends that Gaby's Bags' assertions that it lacks knowledge sufficient to answer the RFAs contradict paragraphs 16 and 22 of its answer to Mercari's amended counterclaims (ECF No. 163), Gaby's Bags' answers to RFAs 7 and 8, and the Court orders at ECF Nos. 67, 96, 111, 137 and 164.

The Court will therefore go through Gaby's Bags' September 8, 2020 second supplemental responses to RFAs 1-6 and 11-19 one by one. For each one, the Court will address the two issues Mercari raises: whether Gaby's Bags answered the RFA, and whether the claim of a lack of knowledge contradicts the things Mercari says it contradicts. The Court will not review the RFA responses for other deficiencies because Mercari has raised only these two issues. (In the meantime, the Court again orders Mercari to stop attaching irrelevant discovery pleadings to its discovery letter briefs. Mercari's letter brief at ECF No. 180 raises a dispute about the adequacy of Gaby's Bag's amended responses to RFAs 1-6 and 11-19. Mercari should not have attached Gaby's Bags' May 8, 2020 original RFA responses or Gaby's Bags' July 15, 2020 amended responses to RFAs that are not at issue, unless there was something in those discovery responses that Mercari wanted the Court to see, which should have been explained.)

RFA 1 asks Gaby's Bags to admit that on or about January 26, 2017 it agreed to Mercari's Terms of Service attached as Exhibit A to the Counterclaim. Gaby's Bags responds that it does not currently know the answer to this request. Gaby's Bags goes on to say that it "is currently without complete knowledge as to the authenticity, accuracy, completeness, and timing associated with 'Mercari's Terms of Service attached as Exhibit A to the Counterclaim.'" Gaby's Bags then says that it has made a reasonable inquiry and the information it knows or can readily obtain is insufficient to enable it to admit or deny.

This response constitutes an answer within the meaning of Federal Rule of Civil Procedure 36(a)(4), which states: "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and

that the information it knows or can readily obtain is insufficient to enable it to admit or deny."

The thrust of this answer is that Gaby's Bags isn't sure if the Terms of Service that are attached as Exhibit A to the Counterclaim are the ones that were operative on January 26, 2017, so it doesn't know if it agreed to them. The Court doesn't see how this is contradictory to the items Mercari points to. In paragraphs 16 and 22 of Gaby's Bags' answer to Mercari's amended counterclaims, Gaby's Bags said that the referenced terms of service and prohibited conduct policies speak for themselves and all other allegations are denied. ECF No. 163. The Court doesn't see how that is an admission that on January 26, 2017 Gaby's Bags agreed to the version that is Exhibit A. It sounds more like Gaby's Bags was saying that Exhibit A is comprehensible – i.e., if you read it, you can understand it, which is a different issue from whether it is a document that Gaby's Bags agreed to on a particular day. Mercari also points to Gaby's Bags responses to RFAs 7 and 8, where it denies that the Terms of Service attached as Exhibits A and B to the Counterclaims are valid and enforceable, but the Court is still unable to see how that contradicts the answer to RFA 1.

Mercari also points to prior court orders. It's true that the transfer order at ECF No. 67 states: "To start, none of Gaby's Bags' contentions go to contract formation. While Gaby's Bags attacks other portions of the TOS (like its limitation of liability and indemnification provisions), it never argues any issue with entering into a contract in the first place." ECF No. 67 at 5. But that sounds like a failure to contest a point in opposing a motion to transfer venue, not an admission of an agreement to a specific contract on a specific day. Sure enough, in opposing transfer, Gaby's Bags said: "Mercari's MTD cites to *several different versions* of a terms of service. While this response focuses on the *March 2018* TOS, the arguments apply across the board." ECF No. 61 at 1 n.1 (emphasis added). By contrast, RFA 1 asks Gaby's Bags to admit that on January 26, 2017 it agreed to the terms of service that are attached as Exhibit A to the Counterclaim. There is nothing contradictory about Gaby's Bags failing to dispute that it agreed to some form of the terms of service, while also saying it doesn't know if a particular version of those terms is the one it agreed to on a specific day. And the Court also does not see how the orders at ECF Nos. 96, 111, 137 and 164 contradict Gaby's Bags' answer to RFA 1.

3

The responses to all of the other RFAs are similar. They all constitute an answer within the meaning of the last sentence of Rule 36(a)(4). And the answers do not contradict the things Mercari says they contradict. This does not mean that all of the RFA responses are good or even rule-compliant, and a different litigant moving to compel might have focused on other issues. But the Court is not going to invent arguments that the actual moving party didn't raise. For one thing, that is "the work the parties were supposed to do," ECF No. 118. For another, it's unfair to the nonmoving party, which didn't have an opportunity to address those issues.

Mercari's motion to compel further responses to RFAs 1-6 and 11-19 is denied.

**B.      Interrogatories ("Rogs"):  ECF Nos. 181 and 186**

Mercari raises several issues concerning the attorney-client privilege and attorney work product doctrine, then a discrete issue about rog 16, and then an issue about rogs 20-22 and 25. The Court addresses them in turn.

**1.      Attorney-Client Privilege**

In response to rogs 2-5, which ask Gaby's Bags to identify documents and communications it used, relied, upon or consulted in preparing discovery responses and legal pleadings, Gaby's Bags invoked work product and attorney-client privilege. Gaby's Bags then produced a privilege log that contained a paragraph-long argument asserting that counsel's communications with the client and work product developed in direct connection with the litigation do not need to be logged on a privilege log. ECF No. 181-2. Following that paragraph, the log then says: "Although the following is unnecessary in light of the foregoing, in an abundance of caution (and without waiver of the foregoing), Plaintiff categorically confirms the following." There are then two fairly high-level descriptions of attorney-client communications and work product all developed in connection with this lawsuit.

Mercari skips entirely past the question of whether communications like that have to be logged at all, assumes without explanation or citation to any legal authority that the answer is yes, and then argues that the log is inadequate because it does not satisfy Federal Rule of Civil Procedure 26(b)(5)(A) or paragraph 24 of Judge Alsup's Standing Supplemental Order.

However, the Court agrees with Gaby's Bags that communications of this type do not have

4

to be logged.  "[C]ounsel's communications with the client and work product developed once the litigation commences are presumptively privileged and need not be included on any privilege log." *Ryan Inv. Corp. v. Pedregal de Cabo San Lucas*, 2009 WL 5114077, at *3 (N.D. Cal. Dec. 18, 2009).  "[A] rule requiring creation of an ongoing log of all post-complaint privileged communications would have a chilling effect on the attorney-client relationship . . . Courts in this circuit routinely deny a motion to compel a privilege log of attorney-client communications or work product dated after commencement of litigation." *In re Snap Inc. Sec. Litig.*, 2018 WL 7501294, at *1 (C.D. Cal. Nov. 29, 2018) (internal quotation marks and citations omitted). Additionally, Courts in this circuit have held that "correspondence generated prior to the filing of [an] action, but in *direct* connection with preparation for the litigation need not be logged." *iSmart Intern. Ltd. v. I-DocSecure, LLC*, 2006 WL 2263910, at *3 (N.D. Cal. Aug. 8, 2006) (emphasis original).  In another case from this District, the Court held that: "privileged communications between any attorneys (including all support staff and vendors) and party clients that are related to this litigation or attorney work product, regardless of the date made or created need not be included on the parties' privilege logs." *Vasudevan Software, Inc. v. Int'l Bus. Machines Corp.*, 2010 WL 3629830, at *6 (N.D. Cal. Sept. 14, 2010).  As noted, Mercari cites no contrary authority and does not address this issue at all.

The Court also rejects Mercari's argument that Gaby's Bags waived the attorney-client privilege or work product protection.  Because the communications described in Gaby's Bags' rog privilege log did not have to be logged at all, the log's failure to satisfy the standards of Rule 26(b)(5)(A) or paragraph 24 of Judge Alsup's Standing Supplemental Order does not support a finding of waiver.  Mercari is also wrong that Gaby's Bags' allegedly "new" claims of privilege in its second supplemental responses to rogs 2-5 are barred for failure to assert those objections in the original responses, as Gaby's Bags did assert those objections in the original responses.  ECF No. 181-1, Ex. A.

Finally, Mercari asserts: "What's more, Plaintiff's assertion of privilege/work product protections to Rogs 2-5 is flat wrong on the law."  However, that single sentence is too underdeveloped an argument for the Court to meaningfully assess it.  For rogs 3-5, Gaby's Bags is

5

1    not taking the position that every responsive document is privileged or work product, just that

2    some of them are.  Just looking at those rogs, it's not immediately obvious that nothing responsive

3    could be privileged or work product.  For rog 2, Gaby's Bags does seem to be saying that

4    everything responsive is either privileged or work product.  But given what the rog is asking about

5    ("Identify the documents, communications, and electronically stored information ('ESI') that you

6    used, relied upon, or consulted in preparing your responses to these Interrogatories, Defendant's

7    Requests for Production, and/or Defendant's Requests for Admission."), could that be true?  The

8    way to argue rog 2 would be to point to other discovery responses that contain factual information

9    and explain why those responses would have had to rely at least in part on non-privileged

10   documents.  But Mercari doesn't do that.  Its one-sentence argument that contains no explanation

11   is not helpful to the Court.  As the Court has previously explained, the page limits on a discovery

12   letter brief do not mean that you should raise every issue you can think of and just explain them

13   inadequately.  Rather, "[a] letter brief should cover issues that can be adequately addressed in five

14   pages."  ECF No. 118.

15          The Court denies Mercari's motion as to these issues.

16          **2.      Rog 16**

17          Rog 16 asks Gaby's Bags to "State the percentage of your overall sales that took place on

18   or from Mercari."  This information is relevant and proportional to Mercari's claims against

19   Gaby's Bags.  But Gaby's Bags' response is difficult to understand:

20                  Plaintiff cannot currently determine the percentage of its overall sales
                    that took place on or from Mercari from the start of selling on Mercari
21                  to the date our account was terminated. However, I can tell you
                    approximately what the percentage of sales revenue that took place
22                  on Mercari for calendar year 2018. Approximately 5-10%. We are
                    still waiting on discovery to determine our precise sales revenue on
23                  Mercari. Accordingly, Plaintiff reserves the right to amend its
                    response.
24

25          That response is a head scratcher.  Why can't Gaby's Bags provide the requested

26   information?  It should all be in its possession.  It is difficult to understand why Gaby's Bags

27   needs discovery from Mercari to answer this rog.  During the hearing, the Court asked Gaby's

28   Bags to explain this response, and counsel was unable.  Accordingly, the Court grants Mercari's

United States District Court
Northern District of California

motion to compel and orders Gaby's Bags to provide a complete response to rog 16.

### 3. Rogs 20-22 and 25

With respect to rogs 20-22 and 25, Mercari argues that it "needs responses to these Rogs (seeking information regarding the parties' claimed fees/costs, exchanges with third parties such as customers, and regarding Mercari's RFAs) which are plainly and indisputably relevant and proportional to this case, per Rule 26(b)(1)." However, the Court previously sustained Gaby's Bags' numerosity objection that Mercari had exceeded the number of interrogatories permitted by Federal Rule of Civil Procedure 33(a)(1) because several of Mercari's previous rogs were actually multiple rogs, such that "with rog 19, Mercari is at 25 interrogatories." ECF No. 144 at 4. Mercari did not seek review of the Court's order, and the time to do so has expired. In the letter brief, Mercari does not request leave to move for reconsideration or address any of the requirements in Local Rule 7-9 or even refer to the numerosity problem that was the basis for the Court's prior ruling. Accordingly, this aspect of Mercari's motion to compel is denied.

## C.  Requests for Production ("RFPs"):  ECF Nos. 182 and 187

Mercari raises four issues with respect to the RFPs: the alleged inadequacy of Gaby's Bags' privilege log; Gaby's Bags' alleged refusal to produce any documents in response to RFPs 1-4, 21-27, 30-34, 37-39 and 41; a claim that Gaby's Bags added new objections in amended RFP responses that it didn't include in the original responses; and an issue concerning the protective order. The Court addresses each in turn.

### 1. Privilege Log

On this issue, Mercari's argument is two sentences log. Here it is: "Plaintiff's RFP privilege log is identical to the one served in response to the Court's Order and Mercari's Interrogatories ('Rogs'). A true and correct copy is attached hereto as Exhibit B. Due to space limitations, Mercari incorporates herein its discussion of Plaintiff's privilege log deficiencies from the contemporaneous Second Discovery Statement re: Mercari's Rogs."

As explained above in connection with the rogs, Gaby's Bags' "log" would be inadequate as a privilege log. However, case law holds that the types of communications that it describes do not have to be logged at all. Accordingly, the Court rejects Mercari's argument for the same

7

reason here.

### 2. Refusal to Produce Documents

In its third supplemental responses to Mercari's RFPs, Gaby's Bags states that it will produce at least some documents in response to RFPs 1, 2, 21, 22, 24, 25, 26, 27 and 39. Some of those agreements to produce look pretty good (e.g., RFP 1), while others are more limited (e.g., RFP 21). As to these RFPs, Mercari's assertion that Gaby's Bags has refused to produce any documents is simply false. A consequence of that is that Mercari's letter brief contains no argument or explanation about why any of these agreements to produce are not good enough. This puts the Court in an untenable position. Because each of these RFP responses has some objections before the agreement to produce, and because the agreements to produce do not exactly mirror the RFPs, for the Court to figure out which responses are inadequate, the Court would have to invent arguments that the moving party didn't make and that the nonmoving party had no opportunity to respond to. The Court declines to do this. Mercari is the moving party. It submitted a discovery letter brief and attached RFP responses that made clear that Gaby's Bags agreed to produce at least some documents in response to RFPs 1, 2, 21, 22, 24, 25, 26, 27 and 39. As the moving party, Mercari had the obligation to explain why these agreements to produce were not adequate. It failed to do so. Accordingly, its motion to compel further responses as to these RFPs is denied.

In its second supplemental responses to the RFPs, Gaby's Bags stated that it did not have any documents responsive to RFP 4 except for privileged documents that it claimed Mercari agreed were outside the scope of the RFP. It also said that it had no documents responsive to RFP 33. Mercari says nothing concerning Gaby's Bags claimed lack of responsive documents. Accordingly, Mercari's motion to compel is denied as to these RFPs as well.

RFPs 3, 23, 30, 31, 32, 34, 37, 38 and 41 are relevant and proportional. Mercari is correct that Gaby's Bags did not agree to produce anything in response and also has not advanced any cogent arguments against the relevance and proportionality of these requests. Accordingly, the Court grants Mercari's motion to compel as to these RFPs and orders Gaby's Bags to produce non-privileged responsive documents.

### 3. New Objections in Amended RFP Responses

Next, Mercari argues that Gaby's Bags' "attempts to assert new objections to nearly all of these RFPs in its second supplemental responses should be overruled (including new invalid and waived privilege claims, as discussed in the Second Discovery Statement re Rogs), because Plaintiff waived them." Mercari doesn't say which RFPs it is referring to, and other than the illustrative example of privilege, doesn't say what the supposedly new objections are. Apparently, the idea is that the Court should review all of the objections that were asserted in the 21-page original responses to the 41 RFPs, and then the Court should compare them on an RFP-by-RFP basis to the objections asserted in the 33-page second supplemental responses to see where any new ones were added. However, the Court is busy and is disinclined to do the work the moving party should have done. Mercari's request is denied.

### 4. Protective Order

The Court entered a protective order on November 11, 2020 and believes that resolves the last issue presented by this letter brief.

## D. Conclusion

Mercari's motions to compel are granted and denied as set forth above.

**IT IS SO ORDERED.**

Dated: November 17, 2020

THOMAS S. HIXSON
United States Magistrate Judge