UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GABY'S BAGS, LLC,

    Plaintiff,

v.

MERCARI, INC.,

    Defendant.

No. C 20-00734 WHA

**ORDER RE MOTION TO AMEND COMPLAINT; MOTION TO AMEND SCHEDULING ORDER; AND MOTION FOR COSTS AND FEES OF SERVICE**

## INTRODUCTION

In this false advertising action, plaintiff LLC moves for leave to amend its complaint. The individual counterdefendants move to amend the case management order, and defendant brings a Rule 4(d)(2) motion for its costs and attorney's fees associated with serving the individual counterdefendants for an alleged failure to waive service. To the extent stated herein, defendant's Rule 4(d)(2) motion is **DENIED** because it failed to properly request waiver of service under Rule 4(d)(1), the individual counterdefendants' motion to amend the scheduling order is **DENIED** for lack of good cause, and plaintiff LLC's motion for leave to amend is **GRANTED IN PART AND DENIED IN PART**.

## STATEMENT

Defendant Mercari, Inc. promoted its web platform called Mercari.com for commerce in miscellaneous goods as a venue where "anyone can sell." Plaintiff Gaby's Bags, LLC opened

a Mercari account and began selling handbags on Mercari's platform. In doing so, plaintiff generated nearly $400,000 over a two-year period until Mercari terminated plaintiff's account for violating its terms of service — which barred "business accounts."

Plaintiff then brought this action in Florida state court alleging unfair competition under various Florida statutes and the Lanham Act, 15 U.S.C. § 1125(a). After removal to the United States District Court for the Middle District of Florida, in November 2019, Mercari filed its counterclaim, alleging breach of its terms of service (Dkt. No. 7). Thereafter, this action was transferred here pursuant to a mandatory forum-selection clause in Mercari's terms of service.

Once here, in February 2020, Mercari then filed a motion for judgment on the pleadings, asserting that the word "anyone" clearly indicated any individual; thus, plaintiff — acting online as an LLC — could not have reasonably been misled, or so Mercari argued (Dkt. No. 83 at 5–6). A prior order then granted in part and denied in part Mercari's motion for judgment on the pleadings. Finding the choice-of-law provision in the terms of service controlled — requiring the terms to be "governed and construed under the laws of California" — that order dismissed the Florida claims, leaving only plaintiff's claim under the Lanham Act. Mercari asserted that the terms of service barred plaintiff's Lanham Act claim because it explicitly provided that Mercari's service was for "individual" use and thus barred "business accounts" like plaintiff's. Finding that the terms of service was not "so clear cut as to allow judgment on the pleadings," however, that order allowed plaintiff's Lanham Act claim to go forward.

Then, Mercari sought to amend its counterclaim against plaintiff to include not only plaintiff's owner, Kody Yates, but also every single member of his household, including a minor, under alter ego and piercing the corporate veil theories (Dkt. No. 119-1). To this end, on June 23, Mercari moved for leave to amend its counterclaim to add Kody Yates as a named counterdefendant and to add Does 1–5 as placeholders for his remaining household members, should it decide to name them as counterdefendants later. Finding that Mercari had alleged a plausible theory of alter ego liability, an order dated August 3 granted Mercari's request to file its amended counterclaim (Dkt. No. 137). That order required Kody Yates to file his answer by August 17. With respect to the Does, the Court gave Mercari "sixty-three calendar days to

identify the Does and serve them with a summons and complaint, failure of which will lead to dismissal of any unidentified or unserved Doe" (Dkt. No. 137 at 6). The same day, Mercari filed its amended counterclaim and Kody Yates was thereby added as a counterdefendant (Dkt. No. 138). The next day, Mercari's counsel emailed plaintiff's counsel, Andrew Shapiro, asking whether he was "legal counsel for Kody Yates for service of the [a]mended [c]ounterclaim . . . . If not, please advise as to whom is Mr. Yates' legal counsel in this matter" (Javidzad Decl. ¶ 3, Exh. B). Attorney Shapiro did not respond other than to appear on behalf of Kody Yates and to file his answer with affirmative defenses therein on August 17 (Dkt. Nos. 141, 143).

On August 10, with plaintiff standing on its last leg, Mercari filed a motion for summary judgment in order to dismiss plaintiff's sole remaining claim against it. It argued, among other things, that plaintiff did not have standing under the Lanham Act. Relying on *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 131–132 (2014), which held that competitors, not consumers, can bring a claim under the Lanham Act, a prior order granted Mercari's motion (Dkt No. 164). In brief, that order held that plaintiff's alleged injury arose out of its relationship with Mercari as a *consumer* — a party who used Mercari's platform — and not as a competitor. Notwithstanding the fact that the deadline for leave to amend had elapsed, the summary judgment order nonetheless invited plaintiff to move for leave to amend.

Plaintiff then brought its current motion for leave to file an amended complaint that includes seven claims (Dkt. No. 178). Those claims include: (1) California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 *et seq*.; (2) California False Advertising Law, Cal. Bus. & Prof. Code §17500 *et seq*.; (3) intentional misrepresentation; (4) concealment; (5) negligent misrepresentation; (6) intentional tortious interference with prospective economic advantage; and (7) negligent tortious interference with prospective economic advantage (Dkt. No. 178-2).

Meanwhile, on September 16 — Day 44 of the 63 days given to Mercari to identify and serve any Does — Mercari filed an amended counterclaim, naming "Gaby Yates (a/k/a/ Yingqiao Zhong)," Kole, Donald, and Kimberly Yates as additional counterdefendants in place of the Does, alleging, they too are liable for breach of contract under an alter ego theory of

1   liability (Dkt. No. 153). The same day, Mercari's counsel emailed Attorney Shapiro — now

2   counsel for both plaintiff and Kody Yates — asking whether he would waive service on behalf

3   of any of the four newly joined counterdefendants; asking him to advise if he did not represent

4   some or all of them; and notifying him that "if any of these individuals are your clients and fail

5   to waive, Mercari will seek its expenses incurred in making service, including its attorneys'

6   fees, per Rule 4(d)(2)" (Javidzad Decl. ¶ 4, Exh. C). According to Mercari, the September 16

7   email to Attorney Shapiro appended the following (Dkt. No. 190) (citing Javidzad Decl. ¶ 4,

8   Exh. C)):

> the Court-stamped Amended Counterclaim (per Rule 4(d)(1)(C)), as well as PDFs containing two written copies of the AO 399 Waiver of the Service of Summons Forms for each of the four new Counterclaim-Defendants (per Rule 4(d)(1)(C)), which identified each individual defendant (per Rule 4(d)(1)(A)(i)), the name of this Court (per Rule 4(d)(1)(B)), the date of the waiver request (per Rule 4(d)(1)(E)), contained the "consequences of waiving and not waiving service" (per Rule 4(d)(1)(D)), and was timely sent by "reliable means" with no need to pay to return the forms (per Rule 4(d)(1)(C), (F), and (G), Rule 5(b)(1) and (2)(F), and the parties' and their counsel's express consent).

15  On September 21, Attorney Shapiro responded: "I am not authorized to accept service"

16  (*ibid*.). Then, Mercari's counsel informed Attorney Shapiro that they would begin formal

17  service of process and, again, notified him that they would seek their costs associated with

18  effecting notice if any of the counterdefendants were in fact his clients. A day later, on

19  September 22, Mercari's process server personally handed Kimberly Yates and her then-minor

20  son, Kole Yates, copies of Mercari's counterclaim against them (Kole Decl. ¶ 5). Then,

21  apparently after multiple efforts by the process server, Mercari served Donald Yates —

22  Kimberly's husband — and "Gaby Yates (a/k/a Yingqiao Zhong)" — Kody Yates' wife — on

23  September 26. All four were served at the same address in Florida, which is also the registered

24  address for Gaby's Bags LLC (Dkt. Nos. 159–162).

25  Subsequently, on October 14 and 19, Attorney Shapiro filed notices of appearance on

26  behalf of all four counterdefendants herein and filed their answers with affirmative defenses

27  (Dkt. Nos. 167, 170–173, 176–177). On October 20, Mercari's counsel emailed Attorney

28  Shapiro, cited to their earlier email chain regarding waiver of service, and requested the

4

1 recovery of the costs of effecting personal service on the counterdefendants ($1,085), and
2 attorney's fees related thereto ($6,120) (Javidzad Decl. ¶ 8, Exh. C)).  Attorney Shapiro
3 responded, indicating that Mercari had failed to make a proper request for waiver under Rule
4 4(d)(1) because he and his firm had not been retained by counterdefendants until *after*
5 Mercari's attempts to personally serve them.  The parties were unable to resolve their waiver of
6 service issue, so Mercari now brings a motion pursuant to Rule 4(d)(2), seeking to recover its
7 costs and attorney's fees related to serving counterdefendants Kole, Kimberly, Donald, and
8 Gaby Yates (Dkt. No. 190).  Specifically, Mercari seeks an aggregate amount of approximately
9 $30,832, representing $29,747 in attorney's fees — which includes predominantly the fees
10 associated with bringing this motion — and $1,085 for the actual cost to obtain service via the
11 process server.
12 On November 12, Kole, Kimberly, Donald, and Yingqiao Zhong (aka Gaby Yates), also
13 brought a motion to amend the case management order (Dkt. No. 191).
14 This order resolves all three pending motions: (1) Mercari's motion for its costs of
15 service of process and attorney's fees under Rule 4(d)(2); (2) the newly joined
16 counterdefendants' motion to amend the case management order; and (3) Gaby's Bags' motion
17 for leave to file an amended complaint.

## ANALYSIS

### 1. MERCARI'S RULE 4 MOTION.

As with their other briefs throughout this litigation, the parties accuse each other of
everything but high crimes and misdemeanors.  For instance, both sides accuse each either of
bad faith, stonewalling, dilatory tactics, improper threats including threats of criminal charges,
and making misrepresentations.  Consistent with this trend, Mercari now brings a motion to
recover its costs and attorney's fees associated with serving counterdefendants Kody, Donald,
Kimberly, and Gaby Yates.  It argues that said counterdefendants failed to waive service,
without good cause, and it is thus entitled to recover its incurred fees and costs pursuant to
Rule 4(d)(2).  This order disagrees.  Mercari puts the cart-before-the-horse.  In order for its
costs and fees to be recoverable under Rule 4(d)(2), it must first show that it made proper

5

requests for waiver of service, meeting the condition precedents in Rule 4(d)(1).  *See Rollin v. Cook*, 466 F.App'x 665, 667 (9th Cir. 2012).  For the following reasons, this order finds that that showing has not been made and thus **DENIES** Mercari's motion.

Under Rule 4(d)(1), "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons."  A proper notice and request for waiver of service require, among other things, that: they be in writing and be addressed to the individual defendant; be sent by "first-class mail or other reliable means"; "be accompanied by a copy of the complaint, 2 copies of the waiver form . . . and a prepaid means for returning the form"; and that the defendant be given "a reasonable time of at least 30 days after the request was sent."  Rule 4(d)(1)(A)–(G).  If a defendant fails to sign and return a waiver request, "without good cause," a court "must" impose: (1) "the expenses later incurred in making service"; and (2) "the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses."  *Id.* at (d)(2).

Here, Mercari sought to counterclaim not only against plaintiff LLC and its owner Kody Yates, but against every single member in his household, including a minor.  To this end, Mercari earlier raised the issue of amendment with the Court and a prior order gave Mercari 63 days from the date of that order to "identify" all Does and "serve" them (Dkt. No. 137 at 6). Fourty-four days later, Mercari emailed plaintiff LLC's counsel, Attorney Shapiro, and requested that he waive service on behalf of the as yet unserved counterdefendants.  Five days later, on September 21, Attorney Shapiro responded that: "I am not authorized to accept service" (Javidzad Decl. ¶ 4, Exh. C).  Mercari then retained a process server who served all four of the household members by September 26, including then-minor Kole Yates.  Mercari now seeks its costs and attorney's fees under Rule 4(d)(2) on account of Attorney Shapiro's refusal to waive service.

It is worthwhile to begin by observing that, in our district, good lawyers would have tried to work out this service problem, and a lawyer in Shapiro's position would have made inquiries

6

of the household members to try to save the expense of formal process. It rings hollow to say he did not represent them only to find that he does in fact represent them as soon as they are served. Nevertheless, the sanction of costs and attorney's fees is a substantial one and strict compliance with the requirements must be met in order to recover costs and attorney's fees. There were several shortfalls in compliance.

*First*, the requests for waiver of formal process were not sent by first-class or other reliable means within the meaning of Rule 4(d)(1)(G). It was sent by email, not first-class mail. To this, Mercari says that Attorney Shapiro agreed while the case was in Florida to accept service by email. That is true (*see* Dkt. No. 200-6). But it is true only on behalf of plaintiff Gaby's Bags LLC. The counterdefendants were not even in the case at that point and Attorney Shapiro did not represent them. That stipulation, therefore, was not binding on the counterdefendants.

Indeed, both Attorney Shapiro and the individual counterdefendants declare that they had never communicated with one another prior to when Mercari attempted to personally serve them, and that they did not form an attorney-client relationship until October 2020 (*see* Dkt. Nos. 200-1–200-4; Shapiro Decl. ¶ 2). Moreover, counterdefendants declare lacking any knowledge of Mercari's counsel's September 16 email to Attorney Shapiro requesting their waiver. They declare that they did not gain knowledge of either Mercari's requests for waiver or the fact that they had been named counterdefendants until after Mercari subsequently effected personal service on them. In light of the foregoing declarations, the necessary conclusion is that Mercari failed to appropriately request and notify *counterdefendants* as required by Rule 4(d)(1), "that an action has been commenced and request that the [they] waive service of a summon."

*Second*, the request for a waiver was not accompanied by a prepaid means of returning the form as required by Rule 4(d)(1)(C). One again, Mercari raises the stipulation in the Florida district court to accept service by email, stating that the agreement for email service obviates the need for prepaid service for returning the waiver. Once again, however, that

stipulation was not binding on the counterdefendants who Attorney Shapiro did not yet represent, and were not then parties to the case.

*Third*, the request for waiver came too late. The prior order gave Mercari 63 calendar days to identify and serve the Does. The request to Attorney Shapiro came on Day 44. This did not leave the thirty-day period required by Rule 4(d)(1)(F). If, of course, Attorney Shapiro had accepted the waiver within thirty days, all would have been well. But if, Mercari's counsel had wished to rely upon the procedure of Rule 4(d) to recover fees, then the request should have been made no later than Day 33. Since the proposed pleading had already been allowed by the undersigned judge, it would have been practicable for Mercari to request a timely waiver, but it failed to do so.

Mercari contends that counterdefendants must have had *notice* that they could potentially be named counterdefendants since June 2020, when it first moved to amend its counterclaim to add Kody Yates and Does 1–5 under a theory of alter ego liability — which explicitly identified Kole, Donald, Kimberly, and Gaby Yates as the potential Does which it might later add. It also emphasizes that Attorney Shapiro had come to represent Kody Yates after he was named as a counterdefendant in August. Mercari also claims that all counterdefendants, including Kody Yates, reside at the same Florida address, which is also the headquarters of plaintiff LLC. Counterdefendants dispute these assertions.

In any event, based on the foregoing arguments, Mercari invites us to discredit counterdefendants' declarations on the grounds that they are "unbelievable." Perhaps discovery herein will prove they lied, but on this record, we cannot say so. The Court dislikes the gimmick of counsel hiding behind the technicality that he or she does not yet represent a named party and thus refuses to accept service when he or she knows good and well that he or she will represent the party, if and when, it is ever served. For that reason, the Court would be tempted to find that notice to Attorney Shapiro constituted "other reliable means" under Rule 4(d)(1). As already discussed, however, Mercari failed to meet various of the other condition precedents elucidated in Rule 4(d)(1), so it is a moot point. Mercari's motion is **DENIED**.

### 2. MOTION TO AMEND CASE MANAGEMENT ORDER.

This order now considers individual counterdefendants Kody, Kole, Kimberly, Donald, and Gaby Yates' motion to amend the scheduling order pursuant to Rule 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Before addressing the merits of their motion, a discussion of some background is needed.

On March 31, 2020, the undersigned issued a case management order (Dkt. No. 112). At that time, only plaintiff Gaby's Bags LLC and Mercari were parties to this action. Among other deadlines, the scheduling order designated June 25, 2020, as the deadline for the parties to seek leave to amend their pleading or to add new parties. Discovery will close in April 2021, and the trial will begin in August 2021 (*id*. at ¶¶ 3, 11).

On June 23, Mercari sought leave to amend its counterclaim in order to add Kody Yates and Does 1–5 as counterdefendants. Mercari's motion was granted on the condition that any Doe be identified and served by October 5, 2020. By September 26, Mercari did just that and added Kole, Donald, Gaby, and Kimberly Yates as counterdefendants to its breach-of-contract claim against plaintiff. Mercari alleges that the individual counterdefendants are liable for breach of its terms of use as alter egos of plaintiff LLC.

On October 21, all individual counterdefendants, including Kody Yates, moved to enlarge *all* of the dates set in the case management order (Dkt. No. 191). They claim that their recent joinder alone furnishes good cause and evinces diligence. They also claim that amending the scheduling order will help "with the orderly administration of the case," and that our failure to amend the order "will be unfair, prejudicial, and deprive" them of "due process" (*id*. at 2–3).

Despite their temporal diligence in bringing their motion, this order finds that counterdefendants have not shown any concrete basis or specific reason for amending any of the dates in the scheduling order, let alone all of them. Thus, they have failed to show good cause under Rule 16(b)(4). For instance, they assert that they "anticipate" having difficulty meeting all of the current deadlines, but do not explain the basis for that belief. Moreover, though they correctly point out that the deadline for seeking leave to amend under the

9

scheduling order — June 25, 2020 — elapsed prior to their joinder, importantly, they do not contend that they have claims they want to assert, or parties they want to add. Because they have not shown any good cause beyond the recency of their joinder for amending the scheduling order, their request for months-long blanket extensions to all of the previously set deadlines is **DENIED**.

This is a simple case and the April 15, 2021, discovery deadline gives the counterdefendants sufficient opportunity to seek any discovery they will need in order to mount their defense, given that they are all represented by the same counsel and all of the counterdefendants acted, more or less, together.

### 3. GABY'S BAGS' MOTION FOR LEAVE TO AMEND.

Next, this order considers plaintiff's motion for leave to file an amended complaint, which includes seven new claims against Mercari. As an initial matter, Mercari construes the order granting summary judgment, which invited plaintiff to move for leave to amend, as an invitation limited only to buttressing the allegations related to the Lanham Act, and not an invitation to bring new claims (Dkt. No. 184 at 1). It thus argues that plaintiff has violated that order, as well as the scheduling order. Not so. Again, background is needed.

When plaintiff brought its original complaint in October 2019, it included claims under the Lanham Act and various Florida consumer protection statutes. After the action was transferred here, a March 2020 order found that Mercari's choice-of-law provision — designating California law — was controlling and thereby dismissed the Florida consumer protection claims. But it left the remaining Lanham Act claim intact, holding that plaintiff's complaint had alleged a plausible claim of false advertising (Dkt. No. 111). Then, Mercari moved for summary judgment seeking to dismiss plaintiff's sole remaining claim under the Lanham Act. An October 2020 order granted Mercari's motion for summary judgment, finding that plaintiff did not have standing under the Lanham Act because its complaint alleged a consumer injury, not a competitive injury actionable under the Lanham Act (Dkt. No. 164 at 2) (citing *Lexmark*, 572 U.S. at 131–132 ("A consumer who is hoodwinked into purchasing a

disappointing product may well have an injury-in-fact cognizable under Article III, but he cannot invoke the protection of the Lanham Act[.]").

At the hearing on Mercari's motion, in response to Mercari's argument that the Lanham Act was reserved to competitors, not consumers of its platform like plaintiff, the undersigned judge posed a hypothetical about a company that makes a misleading statement regarding what kind of activity is permitted on its platform, leading a consumer to rely and be injured by that statement; and asked Mercari's counsel what claim for relief, if not the Lanham Act, the hypothetically deceived consumer could invoke in order to obtain recourse for his injury. Mercari's counsel responded that, assuming the fact of the hypothetical were all true, the undersigned was describing either a fraud, breach of contract, and/or a consumer-protection statutory claim (Hearing Tr. 10:24–12:21).

The undersigned invited plaintiff for leave to amend in the context of this discussion, which clearly contemplated that plaintiff would bring a new claim(s), which supported its theory of deception, in light of Mercari's representation that plaintiff was categorically unable — as a matter of law — to invoke the Lanham Act due to its status as a consumer of its platform. Thus, this order disagrees with Mercari's limitation and its request for sanctions is **DENIED**.

To the contrary, in light of our prior ruling that plaintiff had alleged a plausible theory of false advertising and the foregoing exchange during oral argument, the October 7 summary judgment order invited plaintiff "to plead its best case" under an appropriate claim for relief, notwithstanding the case management deadline for seeking leave to amend had elapsed on June 25 (Dkt. No. 164 at 4). Then, on October 21, the date set in the order, plaintiff filed its current motion for leave to file an amended complaint that includes seven new claims (Dkt. No. 178). Plaintiff's proposed complaint seeks to add claims against Mercari under: (1) California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 *et seq*.; (2) California False Advertising Law, Cal. Bus. & Prof. Code §17500 *et seq*.; (3) intentional misrepresentation; (4) concealment; (5) negligent misrepresentation; (6) intentional tortious interference with prospective economic advantage; (7) negligent tortious interference with prospective economic

11

advantage (Dkt. No. 178-2).  Since the intentional and negligent tortious interference with prospective economic advantage claims do not fit the mold of those brought in plaintiff's original complaint and those contemplated during oral argument, this order finds that they are improperly pled.  The remainder of this order thus considers only the remaining five claims.

### A. LEGAL STANDARD.

Plaintiff filed its current motion for leave to amend on October 21, well after the deadline of June 25, 2020, by which to do so in the scheduling order.  The October 7 summary judgment order, however, allowed plaintiff to seek leave to amend within 14 days.  Plaintiff's motion was timely filed within the period provided for in that order.  Given the procedural history in this case, this order finds that the standard of Rule 15(a) should apply.  Accordingly, this order does not address Mercari's arguments related to Rule 16(b).

Under Rule 15(a), leave to amend should be freely given "when justice so requires." While this policy favoring amendment "should be applied with extreme liberality," district courts commonly consider the following factors when assessing motions for leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the party has previously amended the complaint.  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); *see also Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).  These factors are not weighed evenly: "[a]bsent prejudice, or a strong showing of the remaining factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2013).

### B. PREJUDICE TO MERCARI?

Mercari contends that allowing plaintiff to bring new claims after Mercari successfully brought a motion for summary judgment would cause it unfair prejudice.  This order disagrees. *First*, this is the first time plaintiff has sought leave to amend since the inception of this suit. *Second*, Mercari's summary judgment motion was granted for lack of statutory standing and did not consider the underlying merits of plaintiff's theory of deceitful advertising.  *Third*, Mercari's claim of prejudice resulting from continued litigation rings hollow, as it recently joined Kody Yates, plaintiff's owner, and his individual family members as counterdefendants

12

to this suit.  *Fourth*, unlike in *Baidoo v. Tidewater Marine W.*, 2004 WL 1465727 (N.D. Cal. May 11, 2004) (Judge William Alsup), which Mercari relies on, discovery herein has not yet closed, plaintiff has not previously caused any delays stemming from lack of prosecution, and does not now assert a new legal theory.  The thrust of the allegations in the proposed complaint remain the same.  Plaintiff has merely recast its legal theory to fit into the California choice-of-law regime imposed on plaintiff by Mercari's terms of service.  Accordingly, Mercari will not have to "start discovery efforts from scratch[.]"  *Wilson v. Frito-Lay N. Am., Inc.*, 2017 WL 3478776, at *4 (N.D. Cal., Aug. 14, 2017) (Judge Jon S. Tigar).  In short, Mercari has not yet litigated the merits.  Accordingly, there is no undue prejudice to it.

### C. PLAINTIFF'S MOTION IS NOT IN BAD FAITH OR UNDULY DELAYED.

Next, plaintiff's motion is not made in bad faith.  It was the dismissal of its last claim and the undersigned's invitation to seek leave to amend that prompted its current motion, not any dilatory tactic, as suggested by Mercari.  As already discussed earlier in this order, Mercari's assertion that plaintiff's motion is in bad faith because it violates the summary judgment order is without merit.  Moreover, contrary to Mercari's contention, plaintiff's proposed complaint does not state a baseless legal theory sought only to protract litigation; rather, as the judgment on the pleadings order already held, it states a plausible theory of false advertising.

### D. GRANTING LEAVE TO AMEND WOULD NOT BE FUTILE.

Next, Mercari contends that granting leave to amend would be futile on various grounds.  *First*, Mercari argues that its fully integrated terms of service bars all the proposed new claims as a matter of law.  The motion for judgment on the pleadings order, however, already rejected this argument.

*Second*, Mercari argues that plaintiff's proposed complaint does not allege sufficient facts to pass muster under Rule 9(b)'s particularity requirement "as to alleged falsity, Mercari's alleged knowledge of falsity, scienter, or induced reliance" (Dkt. No. 184 at 21).  But the motion for judgment on the pleadings order already rejected this argument as well, finding that plaintiff had pled sufficient facts supporting a plausible theory of false advertising.  So too

13

does plaintiff's proposed complaint (*see, e.g.,* Dkt. 178-2 ¶¶ 2–4) (alleging that Mercari engages in a knowing scheme to lure businesses to sell on its platform under the false pretense that "anyone" call sell).

*Third*, Mercari argues that plaintiff, a Florida LLC, cannot invoke the protections of California's consumer protection statutes (*i.e.*, Section 17200 and Section 17500) because those laws do not apply extraterritorially and plaintiff does not have standing to sue under them. But plaintiff's proposed complaint alleges that (Dkt. No. 178-2 at ¶ 13):

> The misconduct alleged herein is linked to the State of California, because Mercari's principal place of business is located in California, and some or all of the challenged conduct — including Mercari's false advertising, unfair competition, fraud, misrepresentations, and tortious interference — emanated from or occurred in California. This conduct also includes, but is not limited to, the generation of false advertising.

This allegation tethers plaintiff's alleged harm to Mercari's headquarters in California and is sufficient to overcome the presumption against extraterritoriality. *See In re Clorox Consumer Litig.*, 894 F.Supp.2d 1224 (N.D. Cal. Aug. 24, 2012) (Judge Samuel Conti) ("[California] statutory remedies may be invoked by out-of-state parties when they are harmed by wrongful conduct occurring in California.") (alteration in original) (citation and quotation omitted)). Worse, Mercari's argument is a catch 22. Mercari's terms of service foisted a California choice-of-law provision onto plaintiff, which was the basis for dismissing plaintiff's Florida consumer protections claims. Mercari argued that plaintiff cannot invoke Florida law because of the California choice-of-law provision. Now, when plaintiff does just that, Mercari flips flops and says plaintiff cannot invoke California law. Apparently, in Mercari's universe, plaintiff is simply without any recourse. This absurd result will not be tolerated.

Next, Mercari's argument concerning plaintiff's standing under Section 17200 and Section 17500 are particularly egregious. It argues that plaintiff lacks standing under them "for the exact same reasons that its Lanham Act claim failed" (Dkt. No. 184 at 18) (emphasis removed). Not so. To start, the statutory languages for standing under the Lanham Act and under California's consumer protection statutes are distinct. *Compare* Cal. Bus. & Prof. Code § 17204, *with* 15 U.S.C. § 1125(a).

14

Furthermore, the summary judgment order found that plaintiff's alleged injury arose out of its relationship with Mercari as a consumer and thus did not have statutory standing under the Lanham Act. It did not find that plaintiff had not alleged any injury, only that its injury was not actionable under the Lanham Act. Having now sued under California's consumer protection statutes, and sufficiently alleging that it suffered injury in fact as a result of relying on Mercari's allegedly deceitful ads (Dkt. No. 178-2 at ¶¶ 49–50, 59, 66, 77–79, 85–86), plaintiff has pled facts sufficient to confer standing under Section 17200 and Section 17500.

*Fourth*, Mercari argues that the new claims are all time barred because their statutes of limitations are either two or three years, and because plaintiff first viewed Mercari's allegedly misleading advertising in March 2017 (Dkt. No. 184 at 19) (claiming that plaintiff would have needed to seek leave to amend on March 1, 2019, for its claims with two-years statute of limitations, and on March 1, 2020, for its claims for three-year statute of limitations). As an initial matter, this action began in October 2019, so Mercari's assertion that plaintiff should have sought leave to amend in March 2019 is nonsensical. In any event, the proposed complaint does not just allege that it viewed and was harmed by Mercari's ads only in 2017 when it first began selling goods on Mercari; rather the proposed complaint also alleges that "it continued to view" and rely on "advertisements from Mercari that 'anyone' can sell 'anything'" until 2019 when Mercari terminated its account (Dkt. No. 178-2 at ¶¶ 53, 101). Thus, whether the statutes of limitations are two or three years, Mercari has failed to show plaintiff's claims are time barred, at least on this record.

*Fifth*, Mercari contends that plaintiff's negligent misrepresentation claim is improper because the proposed complaint fails to plead facts showing that Mercari owed it a legal duty or standard of care. Instead, Mercari says, the proposed complaint paints a picture of "an arms-length consumer/customer relationship" between them (Dkt. No. 184 at 21). This order agrees. Plaintiff fails to point to any allegation in its proposed complaint or any authority that would indicate otherwise. Thus, allowing the negligent misrepresentation claim to go forward would be futile.

In sum, plaintiff's motion for leave to amend is **GRANTED** only as to its claims under Section 17200, Section 17500, for concealment, and intentional misrepresentation.

## CONCLUSION

Plaintiff's amended complaint is allowed and deemed filed with the limitations stated herein. The answer is due in **14 CALENDAR DAYS**. All other motions are **DENIED**.

**IT IS SO ORDERED.**

Dated: December 25, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE