UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABY'S BAGS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>MERCARI, INC.,<br><br>    Defendant. | Case No. 20-cv-00734-WHA   (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 201 |

    Discovery is expensive. And excessive litigation over discovery drives up that cost even more – not to mention embittering the parties. So, we have to keep sharp limits on that litigation. When a discovery dispute is raised, each side is expected to make its best arguments, and then the Court rules. And that Court order stands unless it's appealed or unless a party can satisfy the deliberately stringent test for a motion for reconsideration. We have to keep that test stringent because we can't have a situation where a party moves to compel, and then if it loses, tries again with different arguments, a new approach, a different theory. That's vexatious and inconsistent with "the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. Proc. 1.

    This is especially true in this case, where the parties are at each other's throats in discovery, and the disputes just keep coming. Here, in ECF No. 196, Mercari moved for leave to file a motion for reconsideration of the Court's November 17, 2020 discovery order, saying that Mercari would be able to demonstrate that the Court manifestly failed to consider material facts or dispositive legal arguments. That's a steep goal to meet, but the Court allowed Mercari to try. ECF No. 197. Having now reviewed the reconsideration motion, the Court finds that Mercari has not demonstrated that the Court manifestly failed to consider anything. Instead, this motion is

vexatious relitigation. Accordingly, Mercari's motion to reconsider is denied.

**A.     RFPs 1, 2, 21-22, 24, 26-27**

The motion asks for five forms of relief, and the Court addresses each in turn. First, Mercari ask the Court to compel Gaby's Bags to produce complete responses to RFPs 1, 2, 21-22, 24, 26-27. The Court's November 17 order denied Mercari's motion to compel as to these RFPs for a simple reason: "In its third supplemental responses to Mercari's RFPs, Gaby's Bags states that it will produce at least some documents in response to RFPs 1, 2, 21, 22, 24, 25, 26, 27 and 39. Some of those agreements to produce look pretty good (e.g., RFP 1), while others are more limited (e.g., RFP 21). As to these RFPs, Mercari's assertion that Gaby's Bags has refused to produce any documents is simply false. A consequence of that is that Mercari's letter brief contains no argument or explanation about why any of these agreements to produce are not good enough. This puts the Court in an untenable position. Because each of these RFP responses has some objections before the agreement to produce, and because the agreements to produce do not exactly mirror the RFPs, for the Court to figure out which responses are inadequate, the Court would have to invent arguments that the moving party didn't make and that the nonmoving party had no opportunity to respond to. The Court declines to do this. Mercari is the moving party. It submitted a discovery letter brief and attached RFP responses that made clear that Gaby's Bags agreed to produce at least some documents in response to RFPs 1, 2, 21, 22, 24, 25, 26, 27 and 39. As the moving party, Mercari had the obligation to explain why these agreements to produce were not adequate. It failed to do so. Accordingly, its motion to compel further responses as to these RFPs is denied." ECF No. 194 at 8.

The Court does not believe that it failed, manifestly or otherwise, to consider material facts or legal arguments in making that ruling. Nor does the Court believe it committed clear error, or any error, in making that ruling. And the law hasn't changed, nor have new materials facts emerged. Mercari's letter brief falsely asserted that Gaby's Bags refused to produce any documents in response to these RFPs. That was untrue. As a result, Mercari's letter brief contained no arguments at all about why Gaby's Bags' proposed document productions weren't good enough. Without any arguments like that, Mercari's motion to compel just wasn't any good.

In the motion for reconsideration, Mercari makes arguments it didn't make before about why documents responsive to these RFPs should be produced. Motion at 10-13. But that's what Mercari was supposed to do last time. Litigants are not supposed to make unpersuasive arguments in a first motion to compel, wait till they lose, then try again in a motion for reconsideration. If that were permitted, the parties would be litigating every discovery dispute forever.

Mercari's attempt to argue that the Court manifestly failed to consider relevant facts and legal arguments seems to be related to the Court's Discovery Standing Order, which limits joint discovery letter briefs to five pages but imposes no limit on the number that may be filed. Mercari argues:

> Unfortunately, and on top of Plaintiff's dilatory and obfuscatory tactics, due to Plaintiff's failure to give proper (or in many cases, any) answers to Mercari's discovery, Mercari was forced to move regarding 46 of its 50 Requests for Admission, 35 of its 41 Requests for Production, and all 25 of its Rogs—starting on June 1, 2020. Stated another way, per the Court's Discovery Standing Order and as a direct result of Plaintiff's discovery misconduct, Mercari only had 2.5 pages for each of three sets of discovery to move to compel 106 of its 116 discovery requests, which it sought to present in compliance with the Court's discovery orders three times from June 1 to August 8, 2020. (Motion at 4-5.)

Mercari similarly argues:

> Mercari's Second Discovery Letter Briefs were subject to the same 2.5-page limitation in the Discovery Standing Order, and Mercari did its best to present within these mandatory restrictions its arguments (including multiple legal citations) as to Plaintiff's failure to meet and confer, Plaintiff's two deficient privilege logs, 18 RFAs, 8 Rogs, 19 RFPs, and Plaintiff's failure to file a protective order as had been ordered by the Court—in addition to addressing the need to file unilateral briefs again. (Motion at 6.)

The premise of Mercari's argument is that the Court's Discovery Standing Order has an unstated requirement that every single dispute for an entire set of discovery requests must be raised in a single joint discovery letter brief, with each side having only 2.5 pages to brief them. However, not only is that not true, but the Court has admonished Mercari for its practice of raising too many discovery disputes in a single letter brief and told Mercari to break up its disputes into multiple letter briefs if necessary to address the issues appropriately. In ECF No. 118, the Court castigated Mercari for filing "a motion to compel directed at 41 RFPs, 25 rogs and 50 RFAs, all in

3

a concise two and a half pages." The Court told the parties that for any discovery disputes they can't resolve, "they should file one *or more* joint discovery letter briefs." *Id*. (emphasis added). The Court explained that "[a] letter brief should cover issues that can be adequately addressed in five pages." *Id*. The Court also explained that the letter brief "should not provide conclusory, high-level assertions and then point the Court to a hundred pages of discovery requests and responses. That takes the work the parties were supposed to do and throws it on the Court." *Id*.

In its discovery order at ECF No. 194 that is the subject of this reconsideration motion, the Court again criticized Mercari for not following the admonitions in the Court's prior order. *See* ECF No. 194 at 1 ("Mercari addresses the merits of the discovery dispute concerning the RFAs in a single paragraph that is three sentences long."); *id*. at 5 ("that single sentence is too underdeveloped an argument for the Court to meaningfully assess it"); *id*. at 6 (Mercari's "one-sentence argument that contains no explanation is not helpful to the Court. As the Court has previously explained, the page limits on a discovery letter brief do not mean that you should raise every issue you can think of and just explain them inadequately. Rather, '[a] letter brief should cover issues that can be adequately addressed in five pages.'") (quoting ECF No. 118).

Accordingly, the Court does not agree that the page limit that applies to each individual joint discovery letter brief prevented Mercari from briefing discovery disputes effectively. There is no limit on the number of letter briefs that may be filed, and the Court specifically told Mercari to break up its disputes into multiple letter briefs where necessary to brief the issues appropriately. The Court observes that every magistrate judge in this district has a standing order that requires discovery disputes to be briefed in joint letter briefs subject to page or word limits that are substantially shorter than what is allowed for motions under Civil Local Rule 7 – for most of us, the limit is five pages – and other litigants do not need to be told how to brief discovery disputes.

Mercari also argues that "[t]he Discovery Order manifestly failed to consider the material facts of Plaintiff's amply-documented discovery abuses in and delays of this case, and the impact of such abuses on the procedural and briefing limitations required by the Court's own Discovery Standing Order." Motion at 8. However, that is not true either. Every discovery letter brief Mercari has filed has accused Gaby's Bags of misconduct, often at the expense of substantive

4

briefing on the relevant discovery disputes, and the Court has considered those accusations. But accusations of misconduct are not a substitute for logical arguments in favor of a motion to compel. For these RFPs, for example, Mercari misrepresented what Gaby's Bags said in its discovery responses and failed to present arguments needed to support the motion.

**B.    Rogs 2, 3, 5, 21-22 and 25**

By way of background, rog 2 asks Gaby's Bags to "Identify the documents, communications, and electronically stored information ('ESI') that you used, relied upon, or consulted in preparing your responses to these Interrogatories, Defendant's Requests for Production, and/or Defendant's Requests for Admission." Gaby's Bags objected to this rog in its entirety on the ground of privilege and work product.

Rog 3 asks Gaby's Bags to "Identify the documents, communications, and ESI upon which you base your Answer and defense(s) to the Counterclaim." Gaby's Bags responded by objecting based on privilege and work product, and then saying it will produce non-privileged documents under Rule 33(d).

Rog 5 asks Gaby's Bags to "Identify the facts, documents, communications, and ESI that evidence, refute, and/or support Mercari's Answer, defenses, and/or Counterclaim." Gaby's Bags' response is the same as for rog 3.

The Court previously denied Mercari's motion to compel because it had not demonstrated that Gaby's Bags failed to properly respond to these rogs. First, privileged communications between the client and outside counsel probably are responsive to these rogs. ECF No. 194 at 4-5. Second, for rogs 3 and 5 Gaby's Bags was not claiming that everything was privileged and did agree to produce responsive, non-privileged documents. And for rog 2 it seemed at least possible to the Court that every responsive document might be privileged. The Court observed that "[t]he way to argue rog 2 would be to point to other discovery responses that contain factual information and explain why those responses would have had to rely at least in part on non-privileged documents. But Mercari doesn't do that. Its one-sentence argument that contains no explanation is not helpful to the Court." *Id.* at 6.

In its motion for reconsideration, Mercari does not show that the Court manifestly failed to

consider anything or made any clear errors. Mercari just provides a couple of paragraphs that repeat prior argument. This is not the stuff of a reconsideration motion.

Further, although reargument is not what a motion for reconsideration is for, on the merits the reargument is not persuasive. For rogs 2, 3 and 5, Mercari argues that "it is not simply not credible that Plaintiff only reviewed and/or relied on its own correspondence with its own counsel in responding to these Rogs that cover the substantive claims and defenses in this case." ECF No. 201 at 21. Unfortunately, Mercari is mispresenting Gaby's Bags' discovery responses. As the Court pointed out above, for rogs 3 and 5, Gaby's Bags objected that *some* of the responsive documents are privileged or work product, and it agreed to produce the non-privileged ones. Further, the Court's prior order already pointed this out. ECF No. 194 at 5-6 ("For rogs 3-5, Gaby's Bags is not taking the position that every responsive document is privileged or work product, just that some of them are."). It is completely credible that some of the documents responsive to rogs 3 and 5 are privileged.

Further, for rog 2, the Court's prior order explained: "For rog 2, Gaby's Bags does seem to be saying that everything responsive is either privileged or work product. But given what the rog is asking about ('Identify the documents, communications, and electronically stored information ('ESI') that you used, relied upon, or consulted in preparing your responses to these Interrogatories, Defendant's Requests for Production, and/or Defendant's Requests for Admission.'), could that be true? The way to argue rog 2 would be to point to other discovery responses that contain factual information and explain why those responses would have had to rely at least in part on non-privileged documents. But Mercari doesn't do that. Its one-sentence argument that contains no explanation is not helpful to the Court." ECF No. 194 at 6. Although new argument is not welcome in a reconsideration motion because the argument was supposed to have been in the original motion, the Court observes that it explicitly laid out the problem with Mercari's motion to compel as to rog 2, drew a road map for how to fix it, and Mercari's reconsideration motion still took no steps to develop a good argument.

Mercari then argues: "Even if there are some privileged documents responsive to Rogs 2, 3, and 5, Plaintiff failed to log them, even though the Court already ordered Plaintiff to do so.

(ECF 144 at 2.)  As discussed below, Plaintiff's failure to comply with the Court's Order further results in waiver of the claimed privilege."  ECF No. 201 at 21.  Unfortunately, that is also a misrepresentation.  The Court's order at ECF No. 144 at 2 ordered Gaby's Bags to produce a privilege log for documents it withheld in response to certain RFPs – a different discovery dispute entirely.  Whether Gaby's Bags had to log its privileged documents withheld from its responses to rogs 2-5 was instead addressed by the Court's order at ECF No. 194, and the Court said no.  The Court cited case law holding that communications with outside counsel are not normally logged.  ECF No. 194 at 5.  Mercari is presenting arguments as if it didn't read the order that is the subject of its motion.

Lastly, we come to Mercari's argument that the Court should compel responses to its rogs 21-22 and 25.  Mercari acknowledges the Court's prior order at ECF No. 144, which sustained Gaby's Bags' numerosity objection and found that Mercari's rogs 1-19 amounted to 25 rogs, so Gaby's Bags did not have to respond to rogs 20-25.  Mercari argues that "since then, the Court granted summary judgment in Mercari's favor rendering moot many of Mercari's Rogs that had related to Plaintiff's claims (none of which now exist)."  ECF No. 201 at 22.

This could potentially be a bid for the emergence of new material facts occurring after the time of the Court's order, except for two problems.  First, the fact isn't new.  The Court's November 17 discovery order ruled on Mercari's November 3 letter briefs (ECF Nos. 180, 181, 182), which were filed nearly a month after Judge Alsup granted summary judgment in ECF No. 164.  So, Mercari could have made this argument in its November letter briefs but did not do so.  This is another example of Mercari moving to compel, losing, and then trying to come up with different arguments on reconsideration.  This is a vexatious way to litigate discovery.

But all that aside, there is also the second problem that the summary judgment order did not do what Mercari said.  That order ended with the following:  "Plaintiff is invited to move for leave to amend his complaint by OCTOBER 21, 2020, AT NOON.  Plaintiff must plead its best case.  Its motion should affirmatively demonstrate how the proposed amended complaint corrects the deficiencies identified in this order, as well as any other deficiencies raised in Mercari's motion but not addressed herein.  The motion should be accompanied by a redlined copy of the

7

amended complaint." ECF No. 164 at 4. An order directing Gaby's Bags to file a proposed amended complaint does not demonstrate that Mercari's rogs directed at Gaby's Bags' claims are moot. And since then, Gaby's Bags' amended complaint has been deemed filed. ECF No. 211.

Mercari has not shown a basis for reconsidering the Court's prior order.

### C.     RFAs 1-6 and 11-19

For the RFAs, Mercari's argument in favor of compelling further responses was remarkably narrow. Mercari argued that Gaby's Bags entirely failed to answer the RFAs. Second, Mercari contended that Gaby's Bags' assertion that it lacked knowledge sufficient to answer them contradicted prior pleadings and Court orders. ECF No. 194 at 1-2. The Court evaluated those two arguments and concluded they were incorrect. *Id*. at 2-4. The Court also observed that "[t]his does not mean that all of the RFA responses are good or even rule-compliant, and a different litigant moving to compel might have focused on other issues. But the Court is not going to invent arguments that the actual moving party didn't raise. For one thing, that is 'the work the parties were supposed to do,' ECF No. 118. For another, it's unfair to the nonmoving party, which didn't have an opportunity to address those issues." *Id*. at 4.

In the motion for reconsideration, Mercari now expands on its arguments, emphasizing the portions of the RFAs that Gaby's Bags could likely answer even if it disclaims the ability to authenticate particular versions of Mercari's terms of service. Motion at 17. This is, indeed, the issue the Court spotted last time but felt constrained from ruling on because the moving party didn't make the argument. But here again, Mercari made its motion to compel, lost, and then just came up with different arguments in its motion for reconsideration. This isn't how parties are supposed to litigate discovery. There are already so many discovery disputes in this case that if discovery orders could be reargued endlessly, nothing would get resolved. Mercari has not provided a basis for the Court to reconsider its order on the RFAs.

### D.     Privilege Logs

Mercari asks the Court to order Gaby's Bags to log the documents that it is withholding in response to rogs 2, 3 and 5 and RFPs 1-2. Since the Court denied the motion to compel as to RFPs 1-2, that moots the request as to those RFPs.

8

As to rogs 2, 3 and 5, the withheld documents are all attorney-client communications and work product developed in connection with this lawsuit.  The Court previously denied Mercari's request that these documents be logged, citing a body of case law holding that these types of communications need not be logged.  ECF No. 194 at 5.  Mercari does not contend that holding was clear error, that the Court manifestly failed to consider something, or that the law or facts have changed.

Mercari argues that "it is not possible that the factual information/documents requested in those requests (based on the Amended Counterclaim arising from the parties' two-year contractual relationship from 2017-2019) are only contained in attorney-client communications/work product that happened after Plaintiff retained his current litigation counsel at some intentionally unspecified time in 2019."  ECF No. 201 at 26.  As discussed above, Mercari is misrepresenting Gaby's Bags discovery responses.  Its responses to rogs 3 and 5 do not contend that all responsive documents are work product developed in connection with this litigation, and Gaby's Bags has agreed to produce non-privileged documents.  As for rog 2, as discussed above, the Court thought it was at least possible that every responsive document was privileged and explained how Mercari could develop a potential argument to the contrary, but Mercari has not attempted to do that.  Mercari therefore does not present a basis for the Court to reconsider its prior order.

Mercari next argues that the log listing these communications fails the requirements of Rule 26(b)(5) for privilege logs, but this seems to miss the point that the Court found that these documents do not need to be logged at all.  Mercari also argues that "[d]ue to these knowing violations, the Court should order that all of Plaintiff's privilege claims are waived."  ECF No. 201.  But since there haven't been any relevant violations, nothing has been waived.

Finally, Mercari asks the Court to view the withheld documents *in camera* to determine if they really are work product developed in connection with this litigation.  This is an entirely new request, first made in this motion for reconsideration.  The Court declines to entertain this request that was not in the original motion to compel.  Further, even aside from the problem of this request first being made in a reconsideration motion, the request is substantively unwarranted.  In performing *in camera* review for a regular claim of privilege, the Court may see privileged

9

communications about the underlying events. But in determining whether a document is work product created in connection with litigation, *in camera* review raises the possibility of the Court seeing counsel's strategic thoughts for how to litigate this case. That demands a greater showing of need for the *in camera* review, and here Mercari has not made that showing.

### E.     Request for Attorneys' Fees

The Court denies Mercari's request for attorneys' fees. This motion for reconsideration is vexatious and lacks merit.

### F.     Conclusion

Mercari's motion for reconsideration is denied.

**IT IS SO ORDERED.**

Dated: January 21, 2021

THOMAS S. HIXSON
United States Magistrate Judge