UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABY'S BAGS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>MERCARI, INC.,<br><br>    Defendant. | Case No.  20-cv-00734-WHA   (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. Nos. 216, 217, 219, 220 |

We are here on Mercari's discovery letter briefs at ECF Nos. 216 and 217, to which Gaby's Bags responded at ECF Nos. 219 and 220.

**A.  ECF No. 216**

Rog 4 asks Gaby's Bags to "[i]dentify the documents, communications, and ESI upon which you base the Complaint." Gaby's Bags objected based on work product and privilege and stated that it will produce the non-privileged materials pursuant to Rule 33(d).

Mercari argues that "Plaintiff failed to log its privilege claims in violation of the Court's Order at ECF 144 and Judge Alsup's Standing Supplemental Order (meaning they should be deemed waived at this point), and/or Plaintiff needs to produce withheld documents for this Court's in camera review, as discussed in ECF 201 at 26-28." The Court can see that this is the same issue the parties have litigated with respect to rogs 2, 3 and 5. The Court has held that counsel's communications with the client and work product developed after litigation commences, or prior to the filing of an action but in direct connection with preparation for litigation, need not

be logged, citing a body of case law so holding. ECF No. 194 at 4-5. Mercari has never cited contrary authority. Instead, Mercari files brief after brief in which it pretends to be unaware of that Court order. Nor does the Court think that *in camera* review is warranted, as explained in the Court's January 21, 2021 order denying Mercari's motion for reconsideration. ECF No. 221 at 9-10.

Mercari also argues that "Plaintiff failed to amend/supplement its Interrogatories regarding its produced documents as required by Rule 33(d)(1) . . ." Gaby's Bags responds that at some unspecified time in the future it will so amend. However, that is not good enough. The Court orders Gaby's Bags to amend its response to rog 4 within 30 days so that the Rule 33(d) reference identifies documents by Bates number.

Rogs 13-15 and 17 generally seek information regarding Gaby's Bags' claimed damages. Rog 13 asks Gaby's Bags to state the total revenue and/or profit it contends it lost as a result of Mercari's alleged conduct. Gaby's Bags says its answer may depend upon information it learns from Mercari in discovery and that Gaby's Bags may also hire an expert. For these reasons, Gaby's Bags asserts it should not have to provide an answer until after the close of fact and expert discovery. The Court disagrees. Those are reasons why Gaby's Bags might need to later amend a rog response, but they are not reasons for not answering this rog when there are less than three months left in fact discovery. The Court orders Gaby's Bags to answer to rog 13 within 30 days.

Rog 14 asks Gaby's Bags to state the damage or injury to its reputation that it contends it suffered as a result of Mercari's alleged conduct. Gaby's Bags offers a vague, high-level response and reserves the right to amend. This is inadequate. The Court orders Gaby's Bags to fully respond to rog 14 within 30 days.

Rog 15 asks Gaby's Bags to identify the customers it contends it lost as a result of Mercari's alleged conduct. Gaby's Bags cites Rule 33(d) and says that one day it will amend to specify the records. That's not good enough. The Court orders Gaby's Bags to amend its response to rog 15 within 30 days so that the Rule 33(d) reference identifies documents by Bates number.

Rog 17 asks Gaby's Bags to state the total revenue and/or profits it contends Mercari

received from the alleged conduct. It seems to the Court that the first sentence of Gaby's Bags' response does indeed answer the rog: "Plaintiff is without sufficient information to provide a computation of its damages at this stage of the litigation and the total revenue and/or profits Defendant received from the advertising and/or marketing that is false, misleading, unlawful, and/or fraudulent in the Complaint." Unless Gaby's Bags amends this response in the future, its answer is that it doesn't know.

For rogs 20 and 23-24,[1] the Court previously sustained Gaby's Bags' numerosity objection that Mercari's rogs 1-19 actually constituted 25 rogs, the number permitted under Rule 33 as a matter of right. ECF No. 144 at 4. The Court denied Mercari's attempt to relitigate that issue in its January 21 order denying reconsideration. ECF No. 221 at 7-8. In its letter brief Mercari again argues for more rogs. The Court disagrees. Despite the volume of discovery disputes the parties have raised and their constant accusations of misconduct, this is not a complicated case. There is no reason to depart from the default rule of 25 rogs per party. A larger number of rogs is not proportional to the needs of this case.

**B.     ECF No. 219**

The Court denies ECF No. 219 without prejudice.

With respect to Mercari's request for privilege logs, the Court has already made clear that certain types of communications do not need to be logged. For any future requests for privilege logs, Mercari must explain whether it is vexatiously attempting to relitigate that issue yet again, or whether it is asking for a normal privilege log. For rog 4, discussed above, the Court can see that this is vexatious relitigation because it's clearly the same privilege issue that was litigated for rogs 2, 3 and 5. But for RFP 5, the Court can't tell.

For RFPs 18 and 19 and the dispute over the form of the document production, these are issues the parties should be able to work out on their own, and there is no indication they have spoken since October. The Court orders the parties to meet and confer by telephone by January 27, 2021 in an attempt to resolve these disputes. If the parties are unable to resolve their disputes,

---

[1] Although page 3 of Mercari's letter brief mentions rog 19 in passing, Mercari does not discuss that rog.

3

they may file a joint discovery letter brief by February 3, 2021.  They must follow the procedure set forth in ECF No. 131 to ensure that it is a joint filing.

**IT IS SO ORDERED.**

Dated: January 21, 2021

THOMAS S. HIXSON
United States Magistrate Judge