UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABY'S BAGS, LLC,<br>        Plaintiff,<br>v.<br>MERCARI, INC.,<br>        Defendant. | Case No. 20-cv-00734-WHA   (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 225 |

This order rules on the issues raised in the joint discovery letter brief at ECF No. 225.

With respect to Mercari's RFPs 17, 18 and 19, the Court agrees they seek relevant and proportional discovery and overrules every objection other than privilege and work product. Gaby's Bags' procedural arguments do not make any sense. It is irrelevant that the Court's order at ECF No. 222 did not order the parties to meet and confer about RFP 17. The Court's order at ECF No. 144 did not endorse objections it did not rule on because the points were not argued. The main text of Gaby's Bags' section of the letter brief does not defend its RFP responses on the merits, and the Court ignores Gaby's Bags' unreadable footnotes that violate Civil Local Rule 3-4(c)(2). The Court orders Gaby's Bags to produce documents responsive to RFPs 17-19 by February 26, 2021, which Gaby's Bags said at the hearing it could do.

The Court orders Gaby's Bags to produce extracted text files and metadata for its prior production by February 17, 2021, which Gaby's Bags represented at the hearing it could do.

As for Mercari's requests for its costs and fees, the Court's Discovery Standing Order provides that "[n]o motion for sanctions may be filed until after the moving party has complied with the requirements above" concerning discovery letter briefs. And "[m]otions for sanctions shall be filed separately, pursuant to Federal Rule 37 and Civil Local Rules 7 and 37-4."

Based on the discussion at the hearing, the Court also orders Gaby's Bags and Mercari to tell each other in writing by February 12, 2021 what custodial sources each company searched in responding to requests for production.

**IT IS SO ORDERED.**

Dated: February 9, 2021

_____
THOMAS S. HIXSON
United States Magistrate Judge

2