UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABY'S BAGS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>MERCARI, INC.,<br><br>    Defendant. | Case No. 20-cv-00734-WHA (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. Nos. 237, 238, 239, 240, 241, 242, 244, 245 |

The parties have filed discovery letter briefs at ECF Nos. 237-42 & 244-45. This order resolves ECF Nos. 237-40 and 244-45 and requires further briefing for ECF Nos. 241-42.

**A.   ECF No. 237**

Mercari has named Gaby's Bags, Kody Yates, Gaby Yates, Kole Yates, Kimberly Yates and Donald Yates as Counterclaim Defendants (or "CCDs"). It served 25 interrogatories ("rogs") on each Yates CCD,[1] which were met solely with objections. ECF No. 237-2. Mercari now raises five arguments. First, it challenges the numerosity objection that is based on the case law concerning nominally separate parties. Second, Mercari raises an unclear argument concerning privileges. Third, Mercari challenges the Yates CCDs' objections that the requests are overly broad, burdensome, vague and ambiguous, and seek irrelevant information. Fourth, Mercari challenges the Yates CCDs' objection that the requests seek confidential information. Fifth, Mercari seeks leave to move for attorneys' fees. The Court addresses each argument in turn.

---

[1] When referring to one or some of the Yates CCDs, the Court uses their first names for the sake of clarity. No disrespect is intended. From her discovery responses, the Court gathers that Gaby Yates' legal name is Yingqiao Zhong.

**1.     Nominally Separate Parties**

Rule 33(a)(1) states that "a party may serve on any other party no more than 25 written interrogatories," but courts sometimes limit that when two parties are only nominally separate. "[C]ommentary and caselaw" have "noted that permitting the maximum number of allowable interrogatories on each named defendant does not always accord with the purpose of Rule 33's limitation." *21X Capital Ltd. v. Werra*, 2007 WL 2852367, *1 (N.D. Cal. Oct. 2, 2007) (citations omitted). "The 25 interrogatory limit per side rule is often applied when parties to an action are nominally separate. Parties may be considered nominally separate when represented by a single attorney, when there is a unity of action, or when there is a legal relationship between the parties." *Id*. (citation omitted); *see also Vinton v. Adam Aircraft Indus., Inc*., 232 F.R.D. 650, 664 (D.Colo. 2005) ("Here, the Plaintiff has taken the position that AAI and Defendant Adam are alter egos, and, in essence, should be treated as a single, unified entity. In such circumstances, the Court cannot say that the Magistrate Judge abused his discretion in limiting the Plaintiff to 25 interrogatories in total."); *Stiles v. Walmart*, 2020 WL 264420, *4 (E.D. Cal. Jan. 17, 2020) ("Where separate parties are represented by the same counsel and are acting in unison, they may be treated as one 'party' for purposes of the limit on interrogatories."); *Freedom Foundation v. Sacks*, 2020 WL 1914902, *3 (W.D. Wash. April 20, 2020) ("While Rule 33(a)(1) allows up to 25 interrogatories to be served upon each party, some courts have observed that multiple parties on the same side may be treated as one if they are only 'nominally separate.' In *Vinton v. Adam Aircraft Indus., Inc.*, for example, the court upheld the magistrate judge's limitation of interrogatories when the plaintiff had taken the position that the corporate defendant and one of its representatives were alter egos and should be 'treated as a single, unified entity.'").

In this case, Gaby's Bags and Kody are nominally separate parties. Mercari's amended counterclaim alleges that "Gaby's sole member and principal, who is authorized to manage the company, is Florida resident Kody Yates."  CC ¶ 2.  In their jointly filed Answer to the Counterclaim, Kody and Gaby's Bags admit that to be true. ECF No. 163 ¶ 2. The significance of this undisputed fact is that Kody and Gaby's Bags do not have different information or documents available to them. All of Gaby's Bags' prior responses to the 25 rogs served on *it* were answered

2

by *him* and his counsel.  Allowing Mercari serve 25 rogs on Gaby's Bags *and* another 25 rogs on Kody would in practice force him to answer 50 rogs, contrary to the intent of Rule 33.  Further, Mercari also alleges that Kody and Gaby's Bags are alter egos, CC ¶ 3, which under the case law cited above also supports finding that they are nominally separate parties and limiting Mercari to 25 rogs as to both of those parties.  Accordingly, the Court sustains Kody's numerosity objection to all 25 of the rogs propounded on him, as Gaby's Bags was previously served with 25 rogs.[2]

However, the Court overrules the numerosity objection for the other Yates CCDs.  In paragraph 56 of the Counterclaim and prayer for relief paragraph (e), Mercari sort of alleges that Donald, Kimberly, Gaby and Kole share alter ego liability, but the allegation is pretty threadbare. Paragraphs 14 and 38 suggest that although they were in league with Kody, they took actions themselves.  As a matter of common sense, they are different people from Kody, so each of them may know different things.  *See 21X Capital Ltd.*, 2007 WL 2852367, at *1 (father and son not nominally separate parties because they are "actually separate individuals").  Further, there is no reason to think any of them played a role in answering the prior rogs served on Gaby's Bags. There is no reason to apply the nominally separate parties rule to Donald, Kimberly, Gaby and Kole, and the Court declines to do so.

### 2.     Privileges

Next, Mercari argues:  "Each CCD also objects to each Rog 'Objection. Work product and attorney client privilege,' but each 'reserves the right to assert any privilege and submit any applicable privilege log to the extent necessary.'  No objections can be 'reserved,' and thus are waived. Fed. R. Civ. P. 33(b)(4).  Further, each Rog requests different non-privileged factual information, and because CCDs refuse to provide a log or even explain the basis for any privilege or work product claim, Mercari is entirely unable to review or challenge same.  These objections should be overruled (ECF 201 at 26-28), or at least a log should be ordered as in ECF 144, which CCDs astonishingly ignored."  The Yates CCDs respond:  "GB did not waive any objections

---

[2] In the event the Court applies the nominally separate parties rule, Mercari alternatively requests leave to serve more than 25 rogs.  Mercari has made this request for more than 25 rogs at least several times now, and the Court has rejected it on the ground that this case is not complicated enough to warrant more than 25 rogs.  The Court has not changed its view.

1  (including confidentiality), work product or privilege. As explained in the objections and during
2  conferral, CCD did not need to respond to Mercari's Rogs given the numerosity objections.
3  However, out of an abundance of caution to avoid any possible waiver argument, CCD made,
4  preserved and reserved their objections. Mercari's suggestion otherwise would render numerosity
5  objections meaningless. CCD's counsel attempted to explain the basis for the privilege objections
6  and indicated that CCD is not currently withholding discovery in response to these Rogs that
7  would need to be logged per the case law in DE 194, p. 4-5. This is the same issue Mercari has
8  been vexatiously litigating, and again Mercari's arguments/case law are meritless."

The Court has skimmed the 125 rog responses at issue and believes the issue relates to how the Yates CCDs responded to each rog. Each response begins by asserting the numerosity objection. Then the answer states that the responding party should not have to respond further. Then the responding party states that out of an abundance of caution, it "hereby reserves, and, to the extent necessary, hereby makes the following objections," and the next paragraph is a list of objections. Mercari is right that any objections that were not stated are waived, *see* Fed. R. Civ. Proc. 33(b)(4), but there is no indication that the Yates CCDs failed to state any applicable objections, and in their section of the letter brief, they say they did make them.

As for work product or privilege, the Court has explained that certain types of communications with counsel do not have to be logged. ECF No. 194 at 4-5. Mercari has never cited any case law contrary to the Court's analysis. The Yates CCDs state they are not withholding any discovery in response to these rogs that would need to be logged. In any event, since the Yates CCDs never got past stating their numerosity objection, the Court does not see a ripe issue with respect to privileges.

**3.      Relevance, Overbreadth, Burden, Vagueness, Ambiguity (and ECF No. 239)**

The parties do not say much in this letter brief about the substantive objections to these rogs. Instead, Mercari addresses relevance and other objections in ECF No. 239.

The Court is persuaded that these objections are mostly boilerplate and do not have substance to them. It is generally easy to tell what these rogs are asking for. Given the lesser role that Donald, Kimberly, Gaby and Kole seem to play in the case, it seems unlikely that providing

4

responsive information could be burdensome. And for the most part, the Court can connect the rogs to some relevant aspect of Mercari's Counterclaim.

There are a few exceptions. Rog 19 (communications with experts) at least superficially looks improper, and Mercari has not briefed the privilege issues associated with discovery regarding a consulting expert or issues under Rule 26(b)(4) with respect to discovery about a potential trial expert. The Court will not grant a motion to compel on rog 19 without some briefing on those issues.

Rogs 10 and 12-17 ask about financial arrangements and tax information between "you" and "Plaintiff and/or any of Plaintiff's members/principals." As written these requests are overbroad and seek invasive personal information about the Yates family. Because Kody is the alleged sole member of Gaby's Bags, these rogs ask about all of the financial arrangements between him and his family members, no matter how irrelevant to this case. If anyone else in the Yates family was ever a member or principal of Gaby's Bags, then these rogs ask for everyone's financial dealings with him or her as well. These rogs seek broad information about family financial arrangements, and they are not limited in any way to what is relevant to this lawsuit. They are incredibly invasive of family privacy. It is normal for family members to claim each other on tax returns at times and to have financial dealings with each other, and that is not suggestive of an alter ego relationship – it just means they are family. In ECF No. 239, Mercari clarifies that it seeks information about the "relationships *between* CCDs and GB," ECF No. 239 at 4 (emphasis added). That sounds right. Mercari's alter ego allegation, threadbare as it is, is that Donald, Kimberly, Gaby and Kole are alter egos *with Gaby's Bags*, not with each other or with Kody. Accordingly, to cure the overbreadth, privacy and relevance problems, for rogs 10 and 12-17, the Court strikes the references to "Plaintiff's members/principals."

Finally, rog 6 asks to identify all written or oral contracts, agreements, understandings, and/or terms between you and/or any Counterclaim-Defendants, and Mercari. The Court understands that to mean: Identify all written or oral contracts, agreements, understandings, and/or terms between you and/or any Counterclaim-Defendants, *on the one hand*, and Mercari, *on the other*. So construed, the rog is relevant and proportional. Since the Yates CCDs are family,

5

and Mercari alleges in paragraphs 3 and 4 of its Counterclaim that they all live together, they probably have all sorts of agreements *between each other*, such as who will mow the lawn or take out the recycling, and those are not relevant to this lawsuit.

Accordingly, the Court orders Donald, Kimberly, Gaby and Kole to answer rogs 1-18 and 20-25 within 10 days.  Rogs 6, 10 and 12-17 are narrowed as explained above.

### 4. Confidentiality

Mercari is wrong that the Yates CCDs have waived their confidentiality objection. However, the objection has no merit because there is a protective order in this case.

### 5. Attorneys' Fees and Costs

The Court grants Mercari leave to move for attorneys' fees and costs pursuant to Civil Local Rule 7.

## B. ECF No. 238

In ECF No. 238, Mercari moves to compel on its 42 RFPs to the Yates CCDs and on 19 RFPs to Gaby's Bags.  The parties raise five issues.

### 1. Number of RFPs

In ECF No. 112, paragraph 15, Judge Alsup stated that "[f]or now, both sides are limited to the discovery limit in the FRCP including a limit of 60 document requests per side, including those to non-parties."  The same paragraph referred discovery disputes to the undersigned magistrate judge.  The parties now have two discovery disputes concerning the number of RFPs.

First, Mercari argues that because its amended counterclaims at ECF Nos. 138 and 153 added five new counterclaimants (the Yates CCDs), it is appropriate to increase the per-side RFP limit to include the 42 RFPs it served on each of the Yates CCDs.  The Yates CCDs do not say anything substantive in response.  Accordingly, the Court increases the per-side number of RFPs from 60 to 102.

Second, Gaby's Bags argues that the 60 RFPs already served on it exceed the previous limit of 60 because some of them had subparts.  Under the Federal Rules of Civil Procedure, the "subparts" issue comes up by default only for interrogatories.  *See* Fed. R. Civ. Proc. 33(a)(1). Gaby's Bags is right that courts have discretion under Rule 26 to fashion RFP limitations that

specifically restrict subparts. However, Judge Alsup did not do that in ECF No. 112.

Therefore, Mercari's RFPs (the 60 to Gaby's Bags and the 42 to the Yates CCDs) are within the new per-side numerical limit of 102.

### 2. Privileges

This issue is the same as with ECF No. 237, and the Court again thinks the dispute is not ripe.

### 3. Relevance, Overbreadth, Burden, Vagueness, Ambiguity (and ECF No. 239)

As with ECF No. 237, Mercari puts all of its explanations about relevance and proportionality in a separate letter brief, ECF No. 239. Because Mercari is moving on so many RFPs, the Court will not discuss its reasons for ruling on each RFP. Instead the Court rules as follows: The Yates CCDs must produce responsive, non-privileged documents for RFPs 1-5, 7-8, 10-13, 16, 20, 28-34, 36-42; RFP 9 limited to agreements between you and/or any CCD *on the one hand*, and Mercari *on the other*; RFPs 14-15, 17-19 with references to "Plaintiff's members/principals" stricken; and RFPs 22-27 with references to "your" stricken. The Court denies Mercari's motion to compel the Yates CCDs as to RFPs 6, 21 and 35. Gaby's Bags must produce responsive, non-privileged documents for RFPs 42-60. The Yates CCDs and Gaby's Bags must produce these documents within 14 days.

### 4. Confidentiality

The Court's order is the same on this issue as in ECF No. 237.

### 5. Attorneys' Fees and Costs

The Court grants Mercari leave to move for attorneys' fees and costs pursuant to Civil Local Rule 7.

## C.    ECF No. 240

This joint discovery letter brief is about dozens of requests for admission ("RFAs"). Mercari's relevance arguments are again set forth in ECF No. 239. Neither side has displayed good judgment in bringing these RFA disputes to the Court. It doesn't make sense to ask the Yates CCDs to admit things they likely don't know, such as the exact version of Mercari's terms of service that were in effect on January 26, 2017 (RFA 1) or May 8, 2019 (RFA 3). For a lot of

the RFAs directed at the operation of Mercari's website, the Yates CCDs say they don't know the answer, and it makes sense that they don't or that they have forgotten. By contrast, some of the RFAs directed at the Yates CCDs, and all of the RFAs directed at Gaby's Bags, ask about things that it seems the CCDs should know about, could figure out, and likely haven't forgotten. They might have to qualify their answers in certain ways, but that does not justify their refusal to answer. Because there are so many RFAs at issue, the Court will not explain its reasoning for each one. Rather, this paragraph provides the Court's overall view about these RFAs and below the Court states its conclusions.

With respect to the RFAs to the Yates CCDs, for RFAs 3-4 and 10-14, the Yates CCDs say they have made a reasonable inquiry and don't know the answer, and there is no reason to think that is implausible. That is also true for RFA 1 as to Kody, Kimberly and Kole; RFAs 2, 15-18 and 30 for Kimberly and Kole. For RFA 1, Donald and Zhong deny, and there is no proof they are wrong. The same is true for Kody, Donald and Zhong's denials of RFAs 2 and 15-18.

For RFA 5, the Yates CCDs might need to qualify their answer in terms of their ability to identify any specific version of the terms of service, but the thrust of the RFA is about the ability to seek the advice of counsel, which they can answer. For RFA 33, the RFA is clear, the objections have no merit, and Kody and Zhong have to answer, qualifying it if necessary. RFAs 40 and 41 are clear (notwithstanding the missing "you" in RFA 40); the objections have no merit; and the Yates CCDs must know the answer. They must answer, qualifying their answer as necessary. The same is true for RFAs 44-46 and 49 for Kimberly, Donald, Kole and Zhong. (Mercari does not move as to Kody.)

With respect to the RFAs to Gaby's Bags, RFAs 79-98 are not a model of clarity, but they are answerable, probably with some qualifications built in, and the objections have no merit. RFAs 119-38 and 159-68 are straightforward and seek relevant information. They are not hard to answer, and all of the objections lack merit.

Accordingly, the Court orders Kody and Zhong to answer RFA 33; all of the Yates CCDs to answer RFAs 5, 40, 41; Kimberly, Donald, Kole and Zhong to answer RFAs 44-46 and 49; and Gaby's Bags to answer RFAs 79-98, 119-38 and 159-68. These responses are due in 10 days.

8

The Court grants Mercari leave to move for costs and attorneys' fees.

### D.     ECF No. 241

The Court orders Gaby's Bags to file its half of what should have been a joint discovery letter brief by March 11, 2021.

### E.     ECF No. 242

The Court orders Gaby's Bags to file its half of what should have been a joint discovery letter brief by March 11, 2021.

### F.     ECF Nos. 244 and 245

In these joint discovery letter briefs, Gaby's Bags moves to compel Mercari to produce all documents responsive to 40 RFPS that Gaby's Bags served. (Both letter briefs are about all 40 RFPs.) Between them, the two letter briefs do not contain even one sentence explaining how the requested discovery is relevant and proportional to the needs of the case. As discussed above, Mercari presented its relevance arguments in combined fashion in ECF No. 239, which it then referred to in other letter briefs. Gaby's Bags did not do anything similar. Even its section of ECF No. 239 does not contain any arguments about relevance, nor a response to Mercari's relevance arguments. In ECF No. 244, Gaby's Bags complains about the pace and completeness of Mercari's document productions, and in ECF No. 245, Gaby's Bags asserts that Mercari's objections are boilerplate. In neither letter brief does Gaby's Bags make any effort to show that it has satisfied Rule 26's foundational requirement that the discovery sought is relevant and proportional to the needs of the case.

As a reminder, the moving party on a motion to compel should explain why the discovery it is seeking is relevant and proportional to the needs of the case. There are two basic reasons for this. First, you should not expect the Court to figure out on its own why your motion should be granted. For example, Gaby's Bags must have had something in mind when it asked for all of Mercari's tax returns for the last eight years (RFP 10), but it is unreasonable to expect the Court to guess what that is and whether that request is appropriate without some help from the moving party. Second, and more importantly, there is a due process function. Once the moving party sets out its relevance and proportionality arguments, the opposing party has an opportunity to respond,

1   and then the Court can rule having seen the arguments from both sides. Without any briefing from
2   the moving party on why the requested discovery is relevant and proportional, there is nothing for
3   the nonmoving party to respond to, and the Court does not have any arguments to evaluate. This
4   leaves the Court in the untenable position of having to imagine what the arguments for and against
5   the requested discovery might be. However, the Court is supposed to be neutral and rule on
6   arguments presented, not dream up the parties' arguments for them. Gaby's Bags' motion to
7   compel is therefore denied.

**IT IS SO ORDERED.**

Dated: March 8, 2021

THOMAS S. HIXSON
United States Magistrate Judge