UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABY'S BAGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MERCARI, INC.,<br><br>Defendant. | Case No. 20-cv-00734-WHA (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. Nos. 241, 242, 256, 257 |

This order resolves ECF Nos. 241 and 256 and requires an *in camera* submission in connection with the consideration of ECF Nos. 242 and 257.

**A.  ECF Nos. 241, 256**

    **1.  Kody RFA 50**

Mercari's RFA 50 to Kody asked him to "Admit that you were aware that you may potentially be a party to this lawsuit before you were served by Mercari." He responded solely by objecting based on work product and attorney-client privilege. Mercari now complains that Kody failed to produce a privilege log. Mercari also complains that the requested information is not privileged, and it moves to compel a response.

As to the request for a privilege log, the Court has already ruled that communications with outside counsel during litigation need not be logged. ECF No. 194 at 4-5. As for the motion to compel a response to the RFA, Mercari has failed to articulate a theory of relevance. Mercari points to Judge Alsup's order at ECF No. 211 on Mercari's motion to collect services costs. In that order, Judge Alsup stated:

> Mercari contends that counterdefendants must have had notice that they could potentially be named counterdefendants since June 2020, when it first moved to amend its counterclaim to add Kody Yates and

>Does 1–5 under a theory of alter ego liability — which explicitly identified Kole, Donald, Kimberly, and Gaby Yates as the potential Does which it might later add. It also emphasizes that Attorney Shapiro had come to represent Kody Yates after he was named as a counterdefendant in August. Mercari also claims that all counterdefendants, including Kody Yates, reside at the same Florida address, which is also the headquarters of plaintiff LLC. Counterdefendants dispute these assertions.
>
>In any event, based on the foregoing arguments, Mercari invites us to discredit counterdefendants' declarations on the grounds that they are "unbelievable." Perhaps discovery herein will prove they lied, but on this record, we cannot say so. (ECF No. 211 at 8.)

However, the declarations referred to in that order stated that Kole, Donald, Kimberly and Gaby lacked notice that they were parties to the case, ECF Nos. 200-1 to 200-4 & 200-6, not that Kody didn't know this. Mercari, after all, was trying to collect its expenses incurred in serving those four newly served counterdefendants. *See* ECF No. 190. Kody had answered the earlier version of the counterclaim months beforehand, ECF No. 143, and Mercari did not move to collect the costs of serving him. Accordingly, Mercari has not explained why Kody's response to RFA 50 is relevant, and the Court denies the motion to compel.

**2.      Gaby's Bags RFAs 199-212, 225-33, 235-36**

The motion to compel is hard to understand as to Gaby's Bags RFAs 199-207 and 209-12 because Gaby's Bags denied those RFAs, which is an answer. The Court agrees the privilege and work product objections to those RFAs do not make any sense. The Court sustains the privilege objection to RFA No. 208. Since Kody is the sole member of Gaby's Bags, any communications between Gaby's Bags' legal counsel and him are attorney-client communications.

RFAs 225 and 226 are relevant to Judge Alsup's order at ECF No. 211 because Kody's knowledge that Mercari had requested a waiver of service of process before serving the other Yates CCDs could undermine their claim that they lacked notice they were parties to the case, as he is related to them and lives with them. The privilege and work product objections have no merit. RFAs 227-33 and 235-36 are relevant to evidence preservation by Gaby's Bags and the other CCDs, as well as to Judge Alsup's order at ECF No. 95. The privilege and work product objections are meritless. The Court orders Gaby's Bags to answer RFAs 225-33 and 235-36 within ten days.

### 3. Amended Discovery Responses

Mercari asks that "GB and CCDs be ordered to amend to include all final responses in one document for each set of Mercari discovery, even with future orders to compel" because that would make them more convenient to use.  However, Mercari cites no legal authority to support this request.  The Court denies it.

### 4. Custodial Sources

Mercari points to an email (attached as exhibit A to ECF No. 241), in which Gaby's Bags identified the custodial sources it searched in responding to Mercari's RFPs.  Mercari asserts that this email reveals that Gaby's Bags failed to search custodial and non-custodial document sources belonging to the Yates CCDs.  However, Mercari fails to establish that any of these other sources is associated with Gaby's Bags.  Even if Mercari could establish that each member of the Yates family had some role in the Gaby's Bags business, it is not true that a business necessarily has possession, custody or control of its employees' personal email accounts, social media accounts, and so on.  The Court rejects Mercari's argument as unsubstantiated.

## B. ECF No. 242, 257

With respect to the nine documents for which Mercari challenges the redactions, there is no feasible way for the Court to evaluate the parties' arguments without reviewing the documents *in camera*.  Accordingly, the Court orders Gaby's Bags to submit the redacted and unredacted versions of the documents to TSHpo@cand.uscourts.gov by April 15, 2021.  With respect to the four documents whose AEO designation Mercari challenges, Gaby's Bags is correct that a motion under Rule 7 is the correct way to proceed.  *See* ECF No. 188, ¶ 6.3.  As Gaby's Bags has filed a motion to retain the AEO designation of those documents, ECF No. 243, the Court will resolve this dispute in the context of that motion.

**IT IS SO ORDERED.**

Dated: April 8, 2021

THOMAS S. HIXSON
United States Magistrate Judge