UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABY'S BAGS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>MERCARI, INC.,<br><br>    Defendant. | Case No. 20-cv-00734-WHA (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 243, 273, 274, 276 |

This order resolves the discovery briefs at ECF Nos. 243, 273, 274 and 276.

ECF No. 243. Gaby's Bags has demonstrated that the four documents at issue merit HC-AEO treatment under the protective order. Therefore, it's motion to retain that confidentiality designation is granted. With respect to redactions, the Court's order at ECF No. 278 states how the Court plans to address that.

ECF Nos. 273 and 274. This is a motion for a protective order by Mercari concerning a Rule 30(b)(6) deposition notice. Like most of the parties' discovery briefs, the parties devote their efforts to accusing each other of misconduct, so much so that the merits arguments are only a small portion of the brief and are presented in a conclusory fashion. The parties are also big fans of long string cites to non-binding case law, but allergic to explaining their positions in any detail. For the most part, therefore, this 20-page discovery brief was unhelpful.

Mercari complains that the instructions and definitions in the deposition notice are "obviously" improper, but does not say how. The Court doesn't see how they are improper. If Mercari wants to, it can ignore all of the instructions and definitions because the deposition topics are perfectly understandable without them.

The Court agrees with Mercari that topic 1 violates paragraph 32 of Judge Alsup's

Standing Order.  Mercari's proposed narrowing of topic 1 is fine.  The Court also agrees with Mercari that topic 2 violates paragraph 32 and that the proper remedy is to quash it.

For topic 3, the Court doesn't see the relevance of Mercari's parent company or subtopic (a) and quashes those.  The remaining topics seem potentially relevant to damages, including punitive damages, and not that burdensome.  The Court denies the motion for a protective order as to the remaining topics.

Mercari says that "Topics 3 and 5(b)-(c) improperly seek eight years' worth of completely irrelevant and highly proprietary financial information from Mercari and its 'parent company,' even though the Court already denied GB's motion to compel on these exact issues."  But, actually, that was just topic 3.  Topics 5(b)-(c) are completely different.  Thus, the Court can see that Mercari is challenging topics 5(b)-(c), but despite having 10 pages to brief this dispute, Mercari says literally nothing about why topics 5(b)-(c) are improper.  They seem like appropriate deposition topics.  The Court denies Mercari's request to quash those topics.

For topic 6, halfway through ("investigations, proceedings or legal actions . . ."), it simply becomes a different topic.  The Court quashes the second half of topic six because it causes Gaby's Bags to exceed the limit of 10 subjects in Judge Alsup's Standing Order.

For the rest of the topics, Mercari says they "need to be narrowed to non-expert, non-privileged representative/cumulative examples and/or percipient facts, and only on behalf of Mercari (not any other non-party), as discussed above and in Mercari's objections."  But these are fact witness depositions, so it's not necessary to explain they are not expert witnesses.  Claims of privilege have to be asserted on a question by question basis.  The deposition notice is directed to Mercari, so there is no need to explain that the deponent is Mercari; that is obvious.  Whether the witness must be expected to memorize every time something happened or can limit his or her testimony to more general statements with some examples just depends on how much detail the topic touches.  For example, topic 7 asks about "Communications between Mercari and any of the Counterclaim-Defendants."  If there were three such communications, the Court would expect the witness to be able to identify them.  If there were 200, then the 30(b)(6) testimony will have to be at a higher level of generality.  Mercari will have to figure this out on its own, as the Court doesn't

know how much detail might be responsive to these deposition topics.  Finally, the Court does not understand what Mercari is arguing when it refers to "cumulative examples" or "percipient facts."

Accordingly, Mercari's motion for a protective order is granted in part and denied in part as stated above.

<u>ECF No. 276.</u>  Mercari's motion for a protective order to bar Germaine Cota from being deposed under the apex doctrine is denied.  Mercari has not established that Cota is an apex witness.  Mercari states only that she used to be the company's Chief Financial Officer.

Large, multinational companies can have multiple apex witnesses, but small and mid-sized companies probably don't.  Mercari provides no information concerning its size, organization or executive structure, and no description of Cota's former responsibilities (other than her title) or the number of people who reported to her.  Mercari's letter brief mentions that Gaby's Bags also sought to depose Mercari's General Counsel, Chief Executive Officer, Chief Information Officer, and a Senior Vice President.  The Court can infer that a former CFO is less important than the CEO, but Mercari provides no information about Cota's rank within the company as compared to the GC, CIO or SVP.  Because Mercari has proclaimed, but not shown, that Cota is an apex witness, its motion is denied.

**IT IS SO ORDERED.**

Dated: April 9, 2021

THOMAS S. HIXSON
United States Magistrate Judge