UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GABY'S BAGS, LLC,

            Plaintiff,

    v.

MERCARI, INC.,

            Defendant.

Case No. 20-cv-00734-WHA (TSH)

**DISCOVERY ORDER**

Re: Dkt. Nos. 236, 242, 257, 280, 281, 282, 283, 284, 285

      This order resolves the outstanding discovery disputes, as well as a pending motion for attorneys' fees.

**A.    ECF No. 236:  Mercari's Motion for Attorneys' Fees**

      Federal Rule of Civil Procedure 37(a)(5)(A) states that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless certain exceptions apply.  Similarly, Federal Rule of Civil Procedure 26(g)(1) provides that "[e]very . . . discovery . . . response, or objection must be signed by at least one attorney of record . . . . By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry," a discovery response or objection is (to paraphrase) consistent with the rules and reasonably warranted by the law and lacks an improper purpose.   If a certification violates that rule without substantial justification, the court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both.  The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation."  Fed. R. Civ. Proc. 26(g)(3).

On February 22, 2021, Mercari moved for fees under Rules 26 and 37. Mercari says it is entitled to these sanctions to recoup its expenses resulting in four discovery orders, ECF Nos. 144, 194, 222, 230. Mercari seeks $116,252.50 for discovery litigation expenses, plus $38,680 for litigating the sanctions motion. Five thousand of that $38,680 is the estimated cost of attending the hearing, and the Court didn't have one, so we can lower the fees associated with the sanctions motion to $33,680, making the overall sanctions request $149,932.50.

Let's think a bit about the fees being requested. (And, despite the references to fees "and costs" scattered throughout the motion, it is just a request for fees.) They span the time period May 8, 2020 to February 9, 2021, and one of Gaby's Bags' objections is that this motion was not "made as soon as practicable after the filing party learns of the circumstances that it alleges make the motion appropriate," as Civil Local Rule 7-8 requires. Under the Court's Discovery Standing Order, "[n]o motion for sanctions may be filed until after the moving party has complied with the requirements above" concerning discovery letter briefs. And under Rule 37, a party is not entitled to fees unless it prevails on the discovery dispute. This means that Mercari had to exhaust the letter brief procedure and then win before it could seek sanctions. And perhaps more to the point, the moment Mercari achieved that victory it knew of all the circumstances that made a sanctions motion appropriate, so it was required to file that motion as soon as practicable.

The Court's order at ECF No. 144 was mostly a win for Mercari. It wasn't a complete win because Gaby's Bags prevailed on some issues, but for the most part Mercari prevailed. However, that order issued on August 24, 2020, and Mercari waited six months to move for sanctions, including for fees associated with the discovery disputes addressed in the August 2020 order. That's a long time, and Mercari offers no reason or explanation for the delay. The Court finds that Mercari did not comply with the local rule, and its request for fees in connection with the August 2020 order is untimely.

The second order that forms the basis for this motion is ECF No. 194, which the Court issued on November 17, 2020. That order was for the most part a defeat for Mercari. Although the Court compelled one interrogatory and several RFPs, the Court ruled against Mercari on everything else. Rule 37(a)(5)(C) states that if a motion to compel is granted in part and denied in

2

part, the Court "may" apportion the reasonable expenses for the motion. Here, where the motions were largely a defeat for Mercari, the Court declines to do an apportionment because it does not want to reward the filing of motions that were mostly meritless. That would undermine the purposes of Rule 37. Further, the Court's order was critical of Mercari for presenting undeveloped arguments and, on two occasions, for misrepresenting Gaby's Bags' discovery responses. For these reasons, the Court finds that awarding Mercari any expenses in connection with the Court's order at ECF No. 194 would be unjust.

This means we're now down to the time entries from December 17, 2020 to February 9, 2021, which led to the Court's orders at ECF Nos. 222 and 230. These orders were largely wins for Mercari. In ECF No. 222, Mercari obtained substantial relief on several of its interrogatories. For the issues it prevailed on, Gaby's Bags' positions were not substantially justified, Mercari did not run into court before trying to work out the dispute through meet and confer, and other circumstances do not make an award of expenses unjust. Still, the Court did rule against Mercari on its request for privilege logs and with respect to interrogatories 20, 23 and 24, and Mercari obtained no relief on its motion to compel at ECF No. 219. The Court estimates that Mercari obtained about two-thirds of the relief it was seeking in ECF No. 222. By contrast, in ECF No. 230, Mercari obtained all of the relief it sought. And for ECF No. 230, Gaby's Bags' positions had no substantial justification, Mercari did not jump into court too soon, and an award of expenses is just.

The Court's review of Mercari's time entries indicates that all of them between December 17, 2020 and January 21, 2021 (the date of the order in ECF No. 222) relate to the issues litigated in that order. Accordingly, the Court sums up those entries ($19,440.00) and multiplies them by two-thirds to account for the partial success to get $12,966.00. The Court's review of the time entries after January 21, 2021 and through February 9, 2021 (the date of ECF No. 230) indicates that they all relate to the issues litigated in that order. Accordingly, the Court sums them up ($16,400.00) with no discount. That amounts to $12,966.00 plus $16,400.00, or $29,366.00 in fees awarded in connection with these two discovery orders.

The December 17, 2020 date cutoff moots certain of Gaby's Bags' other arguments, such

as that some of the requested fees are associated with the Court's order at ECF No. 221 (dated January 21, 2021) that denied Mercari's request for fees in connection with its reconsideration motion on the ground that the motion was unsuccessful. None of the time entries between December 17, 2020 and February 9, 2020 relate to the reconsideration motion. The December 17 date cutoff also moots Gaby's Bags' objections that Mercari is seeking fees for adverse orders entered earlier in 2020.

Gaby's Bags' other challenges to the time entries between December 17 and February 9 are not persuasive. Gaby's Bags says it wants to take discovery concerning Mercari's fee request, but there is no need for that, and discovery would just increase the expense associated with this motion. Gaby's Bags says it wants to cross-examine any witnesses Mercari is relying on, but there is no need to depose opposing counsel. Mercari has provided the time entries for the discovery litigation at issue, and those entries provide an appropriate basis to assess the fee request. The Court does not agree that Mercari's billing is excessive. Gaby's Bags complains that Mercari normally has two partners on meet and confer calls, but since Gaby's Bags constantly accuses Mercari of misrepresenting what Gaby's Bags said during meet and confer, Mercari would be foolish not to have two attorneys on those calls.

In addition to the fees involved in litigating the underlying discovery disputes, Mercari says it spent 57 hours drafting its sanctions motion and 16 hours drafting the reply. The expense of bringing the sanctions motion was "caused by" Gaby's Bag's conduct that lacked substantial justification, Fed. R. Civ. Proc. 26(g)(3), because this motion is the only way to recover the attorneys' fees permitted under Rules 26 and 37, but spending 57 hours on the moving papers is shocking and excessive. The Court reduces each attorney and paralegal's hours by 75% in connection with drafting the motion. Sixteen hours for the reply is unreasonable, but not as excessive, so the Court will cut each attorney's hours by half. Thus, the permitted fees associated with the sanctions briefing are: Motion [(Whipple: 17 hours *$510 *.25) + (Javidzad: 10 hours *$710 *.25) + (Grabowski: 30 hours *$285 *.25)] + Reply [(Whipple: 10 hours *$510 *.5) + (Javidzad: 6 hours *$710 *.5)] = $10,760.00.

Now, let's talk about rates. The Supreme Court has explained that "the burden is on the

4

fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). Here, Mercari does that through a combination of an attorney affidavit and citations to recent decisions in this District approving rates as reasonable for attorneys of comparable skill, experience and reputation. Bety Javidzad's declaration states that she is a partner at Dentons, has been practicing in California for 16 years, and specializes in complex commercial disputes. Her hourly rate is $710. Her declaration states that Jacqueline Whipple is also a partner at Dentons, has been practicing law for nine years, and also specializes in complex commercial disputes. Her hourly rate is $510. Paralegal Adriana Grabowski's hourly rate is $285; Discovery Manager Fabian Menendez's hourly rate is $350; and his ediscovery support staff Tracy Myrck's hourly rate is $175. These hourly rates are in line with (and, indeed, are low compared to) those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. *See Proofpoint, Inc. v. Vade Secure, Incorporated*, 2020 WL 7398791, *3 (N.D. Cal. Dec. 17, 2020) (approving "hourly rates rang[ing] from approximately $590 per hour to approximately $675 per hour for associates, and from approximately $880 per hour to approximately $915 per hour for more senior attorneys. The court finds that these rates are reasonable for the type of work involved in this case. Specifically, these hourly rates are well within (if not below) the range of prevailing rates in this district for attorneys of comparable skill, experience, and reputation.") (citing cases); *Balsam Brands Inc. v. Cinmar, LLC*, 2016 WL 7101940, *3 (N.D. Cal. Dec. 6, 2016) ("Numerous cases in this District have found reasonable rates ranging from $475-$975, and even higher, for partners in the Bay Area.").

Finally, Gaby's Bags argues that if fees are awarded, they should be awarded only against the party and not its lawyer, Andrew Shapiro. The Court disagrees. Rule 37(a)(5)(A) says that expenses should be awarded against "the party . . . whose conduct necessitated the motion, the party or attorney advising the conduct, or both," and Rule 26(g)(3) says the same thing. The Court

finds that Gaby's Bags and Shapiro[1] are both equally to blame and that their guilt is inseparable. Shapiro carried out discovery abuse since day one in this lawsuit, forcing nearly every dispute to motion practice. He should have known better than this. His client, Gaby's Bags, while not a large, sophisticated company, went along for the ride and was content to largely refuse to produce documents or provide information unless ordered to do so by the Court. Accordingly, both Gaby's Bags and Shapiro should be held responsible.

For these reasons, the Court grants Mercari's motion for sanctions in part and awards Mercari $40,126.00 in sanctions, for which Gaby's Bags and Andrew Shapiro are jointly and severally liable.

**B.    ECF Nos. 242, 257:  Plaintiff's Redacted Documents**

The Court has reviewed the nine documents in question *in camera*. For GB00051232, GB00054446, GB00057118, GB00059576, Gaby's Bags may redact columns D-I and N, but no others. The existing redactions to GB00051061, GB00051003, and GB00051039 are fine. The redactions to GB00051015 are fine except that Gaby's Bags cannot redact its business address in line E in Schedule C. The Court does not see any redactions in GB00051125 and orders Gaby's Bags to file a letter brief within two days explaining what was redacted. The Court orders Gaby's Bags to produce corrected redactions in compliance with this order within seven days.

**C.    ECF No. 280:  Mercari's RFPs**

Mercari moves to compel Gaby's Bags and the Yates Counterclaim Defendants ("CCDs") to produce documents in response to RFPs that it says the Court has already compelled responses to. Once again, we face the recurrent problem that Gaby's Bags (and the Yates CCDs) has been boycotting the joint discovery letter process throughout discovery. The Court's Discovery Standing Order requires discovery letter briefs to be submitted jointly. The Standing Order assumes that counsel will in good faith work together to get a joint letter on file. In a spectacular display of bad faith that has persisted throughout discovery in this case, Gaby's Bags has refused more times than the Court can count to join in a discovery letter brief that Mercari wants to file.

---

[1] The Court declines to award sanctions against local counsel. It is clear from the record they had no involvement in the discovery problems that led to this award of expenses.

The Court even issued an order spelling out the exact process the parties need to use to get a joint letter on file, ECF No. 131, but it made no difference. This is part of Gaby's Bags' larger strategy throughout this case of doing as little as possible in discovery and trying to drag everything out as long as possible. The big tell is that when Mercari finally does file its half of what should have been a joint letter brief, it's not like Gaby's Bags rushes to Court to file its responsive portion, eager to rebut the accusations against it. Instead, it does nothing, and will only file its half of the letter brief if the Court orders it to do so. Gaby's Bags' approach to litigating discovery resembles someone fleeing from an opponent and trying to slow them down by rolling barrels down the hallway at them. The Court has had enough. The Court treats Mercari's motion as unopposed.

Mercari says that the Court ordered the Yates CCDs to produce for RFPs 1-5, 7, 14-15, 17-19, 22-27 and 40, with some limitations. This is true. *See* ECF No. 251. Mercari says the Court ordered Gaby's Bags to produce for RFPs 1-3, 6, 11, 20-25, 37-38, 45-46, 49, and 51 in ECF Nos. 144, 194 and 251. That's not quite true. ECF No. 144 did not order Gaby's Bags to produce documents; the order concerned the form of its written RFP responses. ECF No. 194 ordered Gaby's Bags to produce for RFPs 3, 23, 37 and 38 (among others), but it denied Mercari's motion to compel as to RFPs 1, 2, 21, 22, 24 and 25, which are the subject of the current motion. ECF No. 251 ordered Gaby's Bags to produce for RFPs 45, 46, 49 and 51 (among others). The Court is unaware of an order compelling production as to RFPs 6, 11, 20 and 23.

Mercari asserts that Gaby's Bags and the Yates' CCDs' document productions are incomplete and provides several examples of the types of documents that are missing. As noted, Gaby's Bags declined to join in a joint brief to address those accusations. Fifteen days have now gone by since Mercari filed its half of the letter brief, and Gaby's Bags has not filed a response. That's longer than the period to oppose a fully briefed motion under Civil Local Rule 7, and of course the whole point of requiring parties to file joint discovery letter briefs is to have a truncated briefing process so discovery disputes can be resolved *faster*. The Court grants Mercari's motion (as modified per the previous paragraph) and orders the Yates CCDs to produce for RFPs 1-5, 7, 14-15, 17-19, 22-27 and 40 with the limitations discussed in ECF No. 251 within seven days. The Court orders Gaby's Bags to produce for RFPs 3, 23, 37, 38, 45, 46, 49 and 51 within seven days.

**D.     ECF No. 281:  Gaby's Bags' Motion to Compel Additional Depositions**

Mercari says that Gaby's Bags' has already taken the 10 depositions allowed by Rule 30 and lists each witness by name and date.  Gaby's Bags does not address that point, nor does it argue that it should be given leave to depose more than 10 witnesses.  In light of that, Gaby's Bags has failed to persuade the Court that its motion to compel should be granted.

**E.     ECF Nos. 282, 283, 284 and 285:  Gaby's Bags' RFPs**

The Court addresses ECF Nos. 282-85 together because it is the same brief four times.  On March 12, 2021, in the closing days of fact discovery, the Counterclaim Defendants (for simplicity the Court will refer to them collectively as "Gaby's Bags") served 46 RFPs on Mercari covering basically every issue in the case.  For most of the RFPs, Mercari asserted objections, but then stated it had already produced at least some responsive documents and listed examples by Bates number.  For six of the RFPs (20, 21, 36, 41, 42, 43) it did not list documents by Bates number.  For RFPs 22, 34 and 39, Mercari said it had nothing responsive.  Mercari declined to produce anything only for RFPs 24, 25 and 35.  Gaby's Bags now moves to compel on RFPs 1-23 and 26-44.  It filed these motions to compel on the last day to do so under Civil Local Rule 37-3.

Before turning to the merits, the Court notes its displeasure with this manner of litigating discovery.  One of two unacceptable things has happened here.  The first possibility is that Gaby's Bags took essentially no document discovery for nearly the entire fact discovery period, and then attempted to do it all in one fell swoop at the end.  The other possibility is that these RFPs are entirely duplicative of earlier RFPs, and this was an attempt to redo all of the document discovery right at the end.  Mercari's objections suggest the latter.  In any event, bringing sweeping motions to compel concerning nearly every subject in the case after fact discovery is over and on the last day to move to compel is a sign that something has gone wrong.

Procedurally, Gaby's Bags argues that Mercari waived all of its objections to these RFPs because Gaby's Bags received them on Tuesday, April 13, 2021 at 12:23 a.m. Pacific time/3:23 a.m. Eastern time, when they were due April 12.  Mercari observes, correctly, that its RFP responses have a certificate of service that states the responses were served on April 12, and Mercari suggests the problem is opposing counsel's computer server or email network.

Regardless, while a failure to object to discovery within the time required constitutes a waiver of any objection, the Court may excuse the failure to timely respond for good cause. *See LegalForce RAPC Worldwide P.C. v. Demassa*, 2019 WL 2232580, *1 (N.D. Cal. May 23, 2019). "In determining whether a party has shown good cause, a court should evaluate relevant factors, including: (1) the length of the delay, (2) the reason for the delay, (3) the existence of bad faith, (4) the prejudice to the party seeking the disclosure, (5) the nature of the request, and (6) the harshness of imposing the waiver." *Id.* Even if Mercari did serve its responses late, these factors counsel in favor of finding good cause to excuse the failure. If there was any delay, it was minimal; if there was any delay, it seems accidental and there is no sign of bad faith; Gaby's Bags suffered no prejudice; and a finding of waiver would be unduly harsh. Accordingly, the Court rejects Gaby's Bags' waiver argument.

Turning to the merits, to say that Gaby's Bags' substantive briefing in these motions is unhelpful is an understatement. Even though it has spread its motions to compel across four letter briefs, giving it a combined 10 pages to discuss the 42 requests it is moving on, Gaby's Bags' arguments are cursory and undeveloped. The Court is referring to arguments such as these: "RFP 17-22, 26, 35, 36, 41-44 seek discovery relevant discovery, are not burdensome, and are appropriate." (ECF No. 82); "RFP 13, 27-30, 37, 38, and 46 all seek similar discovery that was already allowed in the Order, and these RFPs seek discovery that is relevant to GB's damages (including punitive damages, lost sales and profits and disgorgement/restitution), are not burdensome, and are appropriate." (ECF No. 83); "RFP 1-6, 9-12, 14-16, 33 seek discovery relevant to GB's and Mercari's claims, are not burdensome, and are appropriate. The discovery sought will help demonstrate GB's false ad/fraud claims (including Mercari's intent, knowledge of falsity of its claims/ads, and concealment of same) and address Mercari's claims regarding businesses." (ECF No. 84); "RFP 7, 23, 32, 34, 39-40 all seek discovery directly relevant to GB's claims, are not burdensome, and are appropriate. Discovery pertaining to the creation or use of advertising at issue in this case (including any confusion or inquiries regarding same) is highly relevant and any suggestion otherwise by Mercari is unsupported." (ECF No. 85).

The Court will pick an example to illustrate the problem. RFP 13 asked for "All

documents and all communications reflecting Mercari's goals and projections for GMV or gross merchandise value (including but not limited to any studies, presentations, internal notes, and memos)." In response, Mercari asserted objections and then said: "Subject to and without waiving any of its objections, Mercari states that it has previously produced documents reasonably responsive to this Request, including MERCARI000366, 371, 372, 373, 374, 375, 765, 1088, and 1092, and directs Counterclaim Defendants to those documents." Well, is that a good response or not? Gaby's Bags never explains the delta between what Mercari has already produced and what further documents Gaby's Bags is seeking through this motion. Gaby's Bags does not make any arguments in the form: "They gave us A, B and C, but they should also give us D, E and F" or "They looked for responsive documents in locations X and Y, but they should also have looked in Z." Rather, Gaby's Bags moves on the full scope of 42 RFPs and says nothing about why Mercari's existing document productions are inadequate. The Court is unable to discern if Gaby's Bags is asking for relevant and important information that it has been unfairly denied, or if it is asking for documents it already has, or if it is asking for documents that are duplicative and cumulative of what it already has. This is particularly a problem because Gaby's Bags served these RFPs right at the end of fact discovery, when the Court would assume that document production was largely complete. For these reasons, for every RFP where Mercari said it had already produced at least some responsive documents, Gaby's Bags has failed to explain why it is entitled to more than that.[2] In addition, for the RFPs where Mercari said it had nothing responsive, Gaby's Bags does not explain why the Court should believe otherwise.

That leaves the RFPs to which Mercari agreed to provide nothing (24, 25 and 35) and of those, Gaby's Bags moves only on RFP 35, which seeks "All documents and all communications exchanged between you and any expert upon which you intend to rely in connection with this Lawsuit." In a previous order, the Court expressed skepticism about a Mercari interrogatory that asked for similar information. ECF No. 351 at 5 ("Rog 19 (communications with experts) at least

---

[2] This order should come as no surprise. It's the same thing the Court did when Mercari did something similar. *See* ECF No. 194 at 8 ("Mercari's letter brief contains no argument or explanation about why any of these agreements to produce are not good enough.")

superficially looks improper, and Mercari has not briefed the privilege issues associated with discovery regarding a consulting expert or issues under Rule 26(b)(4) with respect to discovery about a potential trial expert. The Court will not grant a motion to compel on rog 19 without some briefing on those issues."). The Court can see that Gaby's Bags remembers this order, *see* ECF No. 82 n.3, but Gaby's Bags has similarly failed to brief the privilege issues. The main thrust of Gaby's Bags' motion to compel RFP 35 is that Mercari should have to produce "all" responsive documents, and it is clearly not true that all communications with retained experts are discoverable. *See* Fed. R. Civ. Proc. 26(b)(4)(C). Moreover, the exceptions to work product protection (expert's compensation, facts or data considered, and assumptions relied on) are normally disclosed in the expert's report. Gaby's Bags has made no showing that it needs fact discovery on those issues.

Accordingly, Gaby's Bags' motions to compel are denied.

**IT IS SO ORDERED.**

Dated: April 30, 2021

THOMAS S. HIXSON
United States Magistrate Judge