UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABY'S BAGS, LLC, <br> Plaintiff, <br> v. <br> MERCARI, INC., <br> Defendant. | Case No. 20-cv-00734-WHA (TSH) <br><br> **DISCOVERY ORDER** |

Pursuant to the Court's Discovery Standing Order, yesterday Mercari requested a hearing concerning two disputes, and the Court held that hearing yesterday afternoon. The Court told the parties the outcome of the two disputes on the record at the hearing, and now follows up with this written order. With the benefit of additional reflection, the Court's reasoning as to the first dispute has changed somewhat, although the outcome is the same.

The first dispute concerns Mercari's deposition of Gaby's Bags' expert, Dr. Ernan Haruvy, which started at 7:00 a.m. Pacific time yesterday. Judge Alsup's scheduling order at ECF No. 112 states in paragraph 4: "An expert, however, may be deposed only once unless the expert is used for different opening and/or opposition reports, in which case the expert may be deposed independently on the subject matter of each report." Here, Dr. Haruvy submitted two rebuttal expert reports: a 20-page rebuttal to Jeff Rushton's expert report concerning marketing and e-commerce, and an 18-page rebuttal to Dr. Justin Anderson's expert report concerning a survey. The Court has reviewed Dr. Haruvy's two rebuttal reports *in camera*, and they concern completely different subjects. Therefore, Mercari may depose Dr. Haruvy twice, i.e., two 7-hour days of deposition, with one day for each report. The seven-hour rule exists for the protection of the witness, so if for some reason Dr. Haruvy wanted to go longer on one day (e.g., 9 hours), he could

do a shorter second day (e.g., 5 hours). However, Mercari cannot depose the witness for longer than seven hours on each report.

Gaby's Bags takes the position that the word "independently" in Judge Alsup's scheduling order means that the depositions for each report must occur on different days, and Gaby's Bags objects that Mercari questioned Dr. Haruvy in a blended fashion about both reports yesterday. If Gaby's Bags had timely raised this issue with the Court *before* the deposition began, the Court might very well have ruled in Gaby's Bags' favor. Depending on the case, preparation for an expert deposition can be a substantial amount of work for the witness, and the witness should fairly be on notice of what he or she is expected to be prepared for. However, Gaby's Bags did not raise this issue with the Court, timely or otherwise. Rather, two hours into the deposition, it was Mercari that contacted the undersigned's courtroom deputy and asked for an emergency hearing yesterday. The Court was able to fit the parties in at 3:00 p.m., and that was when – eight hours after the start of the deposition and after nearly seven hours of record time – the Court first learned that Mercari had been deposing the expert in a blended fashion about both reports. Well, at that point the egg could not be unscrambled. The expert had already done his preparation for the deposition and had already given extensive testimony about both reports. If Gaby's Bags thought Judge Alsup's order required two separate depositions (or, even aside from Judge Alsup's order, if Gaby's Bags wanted to insist on separate depositions), it was obligated to timely raise that issue with the Court, not just sit there and let the blended deposition proceed. Accordingly, Gaby's Bags' objection to the blended deposition is waived.

In any event, a blended deposition cannot also become an excuse to depose an expert for more than seven hours about one of his reports. As for how to count time in this blended fashion, the parties should order the rough transcript and then estimate the page and line count applicable to each report. For questions about neither report (e.g., "How many times have you testified at trial?" "Have you ever been excluded by a *Daubert* motion?"), or about both reports (e.g., "What's your hourly rate?" "When were you retained?"), Mercari can allocate them as it sees fit. After all, in Gaby's Bags' preferred procedure that the depositions for each report must occur on different days, Mercari could still pick which day to ask those questions.

2

Second, Mercari says that Gaby's Bags has violated several of the Court's orders compelling production. If that is true, and if the motion is timely, Mercari may file a motion under Civil Local Rule 7 and Federal Rule of Civil Procedure 37(b) for any of the remedies authorized by Rule 37(b).

**IT IS SO ORDERED.**

Dated: May 19, 2021

THOMAS S. HIXSON
United States Magistrate Judge