UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABY'S BAGS, LLC,<br>　　　　Plaintiff,<br>　　v.<br>MERCARI, INC.,<br>　　　　Defendant. | Case No. 20-cv-00734-WHA (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 292 |

Pursuant to Federal Rules of Civil Procedure 26 and 37, Mercari moves for the award of the attorneys' fees it incurred in obtaining the discovery orders at ECF Nos. 251, 278 and 286. ECF No. 292. As an initial matter, Gaby's Bags and the individual Counterclaim Defendants (collectively, "Gaby's Bags") contend the motion is untimely under Civil Local Rule 7-8(c), which requires that any motion for sanctions "be made as soon as practicable after the filing party learns of the circumstances that it alleges make the motion appropriate . . ." Here, those "circumstances" are the discovery orders themselves. They were issued on March 8, 2021, April 8, 2021, and April 30, 2021, and the fees motion was filed on May 26, 2021. This means there was a gap of about two and a half months between the first of these orders and the filing of this motion. Given how many discovery disputes and how many discovery orders there have been in this case, it wasn't practicable for Mercari to move for fees after each such order, or Mercari would have been constantly moving for fees, which would have unreasonably driven up the requested fees (because Mercari also seeks the fees incurred in moving for fees). The gap between March 8 and May 26 does not violate Local Rule 7-8(c), especially when Mercari had every reason to expect that further discovery orders would soon be issued, and moving for fees together on several orders issued close in time is an efficient way to proceed. In arguing otherwise, Gaby's

Bags cites cases that found delays of five months or eight months or a year and a half to violate the Local Rule, but those cases are off point.

Federal Rule of Civil Procedure 37(a)(5)(A) states that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless certain exceptions apply. A similar standard applies if a motion to compel is denied. Fed. R. Civ. Proc. 37(a)(5)(B). Likewise, Federal Rule of Civil Procedure 26(g)(1) provides that "[e]very . . . discovery . . . response, or objection must be signed by at least one attorney of record . . . . By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry," a discovery response or objection is (to paraphrase) consistent with the rules and reasonably warranted by the law and lacks an improper purpose. If a certification violates that rule without substantial justification, the court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation." Fed. R. Civ. Proc. 26(g)(3). In addition, if a motion to compel is granted in part and denied in part, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. Proc. 37(a)(5)(C).

Let's begin with the Court's discovery order at ECF No. 251. This order was mostly a win for Mercari, but not entirely. Mercari obtained about 80% of the relief it was seeking, and where it prevailed, Gaby's Bags' positions were not substantially justified, Mercari did not run into court too soon, and other circumstances do not make an award of fees unjust.

By contrast, the Court's order at ECF No. 278 was largely a defeat for Mercari. One of Mercari's accusations – that Gaby's Bags failed to search multiple custodial and non-custodial sources of documents – was quite an accusation to hurl at one's opponent, and the Court found it was unsubstantiated. For these reasons, awarding Mercari any expenses in connection with this discovery order would be unjust.

Finally, we come to ECF No. 286. Much of that order concerns the award of attorneys'

fees in connection with a prior fees motion, so for present purposes the Court disregards that portion of the order. As to the discovery rulings contained in ECF No. 286, this was a near-total win for Mercari, Gaby's Bags' positions were not substantially justified, Mercari did not run into court too soon, and other circumstances do not make an award of fees unjust. The Court estimates that Mercari obtained about 90% of the relief it sought.

Scrutinizing the specific time entries at issue and comparing them to the orders at issue, the Court estimates that 75% of the time entries between January 29, 2021 and February 24, 2021 relate to work done in connection with ECF No. 251, and 25% relate to work done for ECF No. 278. Since the Court is awarding no fees in connection with ECF No. 278, and found that Mercari was 80% successful in ECF No. 251, the Court sums up the January 29-February 24 time entries ($17,354.00), multiplies that by 75% to estimate the amount of that total that relates to ECF No. 251 ($13,015.50), and then multiplies that amount by 80% to do an apportionment under Rule 37(a)(5)(C) to get $10,412.40.

The time entries between March 18, 2021 and April 15, 2021 all relate to work done in connection with ECF No. 286. The Court therefore sums them up ($5,188) and multiplies that total by 90% to do an apportionment to get $4,669.20.

In ECF No. 286, the Court previously found that Mercari's attorneys and paralegal charged reasonable rates, and the Court maintains that view. Thus, the Court finds that $10,412.40 + $4,669.20 = $15,018.60 is a reasonable award of fees in connection with Mercari's successful discovery motion practice as reflected in ECF Nos. 251 and 286.

Gaby's Bags argues that Mercari is seeking fees for issues it did not prevail on, but the Court has already accounted for that by not awarding Mercari any fees in connection with ECF No. 278, and limiting the fees request for partial success in ECF Nos. 251 and 286. Gaby's Bags complains that Mercari is seeking fees for discovery disputes that were resolved without needing court intervention, but it does not provide any examples of that. Further, the descriptions of counsel's work as reflected in the time entries all appear to relate to issues that were litigated. Gaby's Bags accuses Mercari of overbilling and double-billing, but the number of hours for which Mercari seeks fees is actually quite small compared to the number and importance of the discovery

3

disputes at issue, and there is nothing in the time entries that looks like double-billing.

In addition, Mercari seeks its fees in connection with bringing this motion for fees. After all, since this motion is the only way Mercari can recover the fees incurred in litigating discovery, the expense incurred in bringing this motion is also caused by Gaby's Bags' conduct. Mercari says it incurred at least 30 hours in bringing this motion and an additional eight hours preparing the reply brief. Eight hours to review the opposition and draft the reply is reasonable, but 30 hours to draft the motion is not, especially since much of the legal discussion was a retread from the last fees motion and the supporting documentation for the motion was minimal. The Court halves the fees request in connection with the motion (from $12,925.00 to $6,462.50) and awards the requested $4,880.00 for the reply.

Accordingly, the Court grants Mercari's motion for fees in part and awards it $26,361.10. All of the adverse parties (Plaintiff Gaby's Bags and all of the individual Counterclaim Defendants) and their attorney Andrew Shapiro are jointly and severally liable for this sanction. For purposes of determining liability for this sanction, it is impossible to separate Mercari's adverse parties from each other because they all worked together and were jointly represented by an attorney who committed serial discovery abuse on their behalf and with their consent. And he, too, is responsible for that because he should have known better.[1]

**IT IS SO ORDERED.**

Dated: July 12, 2021

THOMAS S. HIXSON
United States Magistrate Judge

---

[1] As before, this sanction does not apply to Gaby's Bags' local counsel, who had no involvement in this discovery litigation.

4